[Civ. No. 11810. Second Appellate District, Division One.—June 23, 1939.]

LULU M. PLOTT et al., Appellants, v. C. H. YORK et al., Defendants; FOOTHILL SUPPLY COMPANY (a Corporation), Respondent.

Joseph L. Fainer and H. C. Ellis for Appellants.

Flanagan & Sampson, James A. Flanagan and Richard Hunt Sampson for Respondents.

WHITE, J.—This is an appeal from an order and the judgment rendered thereon in favor of The Foothill Supply Company, a corporation, defendant, in connection with plaintiffs' motion for entry of final judgment and the assessment of damages in plaintiffs' favor after a default entered against defendant and respondent herein.

On January 27, 1937, plaintiffs commenced an action against one C. H. York and The Foothill Supply Company, a corporation, to recover damages for personal injuries sustained by the former as the result of a collision between an automobile operated by the plaintiff Lulu M. Plott in which the plaintiff Reecil Poor was riding as a guest, and an automobile alleged to have been negligently operated by defendant C. H. York while the latter was acting in the course and scope of his employment as agent, servant and employee of his codefendant, The Foothill Supply Company.

The defendant C. H. York duly filed an answer denying the material allegations of the complaint and setting up the further special defenses of unavoidable accident and contributory negligence. On February 12, 1937, defendant The Foothill Supply Company was served with a copy of summons and complaint, but failed to appear or file an answer or other pleading, and upon application of plaintiffs default was entered against defendant corporation on May 8, 1937. Upon the issues framed by the complaint and the answer of defendant York the case proceeded to trial before a jury on January 19, 1938. By reason of dismissals seasonably filed, there remained only the two plaintiffs, Lulu M. Plott and Reecil Poor. At the conclusion of the evidence the cause was submitted to the jury on the question of liability as to the answering defendant York, whereupon counsel for plaintiffs proffered an instruction directing the jury to return a verdict

in favor of plaintiffs as against the defaulting defendant The Foothill Supply Company. The requested instruction reads as follows:

"You are instructed to return verdicts in favor of the plaintiffs Lulu M. Plott and Reecil Poor and against the defendant, The Foothill Supply Company, a corporation, for the amount of damages you find they have suffered, respectively, under instructions given you respecting damages."

The trial judge rejected this instruction, and in its stead prepared and gave to the jury the following instruction:

"You are instructed that defendant Foothill Supply Company, a corporation, failed to appear or answer in this case and its default has been entered herein, and the question of entering any judgment against that defendant is for the court to determine. To aid the court in that respect you are directed to render special verdicts on forms which will be provided, wherein you find the amount of damage suffered by Lulu M. Plott and Reecil Poor respectively. These special verdicts you will find and return into court, irrespective of what your verdicts may be as to defendant C. H. York.

"You are further instructed that your first duty is to determine the question of liability of defendant, C. H. York, before you approach the question of amount of damages suffered."

The jury returned a general verdict in favor of the answering defendant C. H. York, but being unable to agree on the amount of damages sustained by one of the plaintiffs as against the defaulting defendant, was discharged. Thereupon the court continued the matter as to the defaulting defendant, The Foothill Supply Company, to February 4, 1938, at the same time granting to attorneys Flanagan & Sampson, as *amici curiae* for an interested party, leave to file a brief in support of the contention that no judgment should be entered against defendant The Foothill Supply Company, and permitting plaintiffs' attorneys to file a brief in opposition to the just-mentioned contention. When the matter was called for hearing on February 4, 1938, plaintiffs moved the court to enter judgment against the defaulting defendant, The Foothill Supply Company, which motion was by the court denied and judgment was entered in favor of such defaulting defendant.

We are therefore called upon to determine the effect upon a principal whose default has been entered of a judgment in favor of and exonerating an agent of such defaulting defendant; or in other words, does such a judgment in favor of the agent, *ex proprio vigore,* relieve the defaulting principal of responsibility, and may such judgment in favor of the agent who is charged with being primarily liable be availed of by the allegedly secondarily liable and defaulting principal?

Appellants' main contention is that in an action such as this for personal injuries brought against employer and employee, based on negligence of the latter in operating an automobile, defenses raised in an answer filed by the defendant charged with being the primarily responsible employee resulting in his exoneration do not enure to the benefit of the secondarily liable and defaulting employer. This claim on the part of appellants cannot be sustained. This action, so far as the defaulting employer was concerned, was predicated upon the sole theory of *respondeat superior.* The defenses interposed by the answering defendant employee were not personal to himself (as are the defenses of infancy, coverture, or bankruptcy on the part of the pleader), but they were common to both the answering defendant and his employer who defaulted. In other words, the defenses interposed by the answering defendant went to the whole right of the plaintiff to recover at all, as distinguished from his right to recover as against any particular defendant. The defenses interposed by the answering defendant in the case before us questioned the validity of merits of plaintiffs' entire cause of action in general, and when such defenses prove successful they enure to the benefit of the defaulting defendant, and final judgment must therefore be entered not only in favor of the answering defendant, but in favor of the defaulting defendant as well. After verdict and judgment for the defendant who pleads in cases such as this, the plaintiff cannot take judgment against the defendant in default, for the reason that upon the whole record it appears that plaintiff has no right of action. (*Nicholls* v. *Anders,* 13 Cal. App. (2d) 440 [56 Pac. (2d) 1289]; *Davison* v. *Diamond Match Co.,* 10 Cal. App. (2d) 218 [51 Pac. (2d) 452]; *Bradley* v. *Rosenthal and Sunset Tel. & Tel. Co.,* 154 Cal. 420, 425 [97 Pac. 875, 129 Am. St. Rep. 171]; *Reinhart* v. *Lugo,* 86 Cal. 395 [24 Pac. 1089];

*Electrolytic Chlorine Co.* v. *Wallace & Tiernan Co.*, 328 Mo. 782 [41 S. W. (2d) 1049, 78 A. L. R. 930, 937].) ▇ Where, as in the instant case, the real actor, who is liable personally notwithstanding his acting for his employer, is not guilty, it necessarily follows that his employer for whom he was acting cannot be held. Certainly it would not be fair or just to enter a judgment upon default against a defendant who is only secondarily liable, if liable at all, until there is a successful determination of the suit against a defendant charged with being primarily liable. (34 Cor. Jur., pp. 150, 151, sec. 357.) Plaintiffs having elected to present their application for final judgment against the defaulting defendant in connection with the trial of the action as to the answering and allegedly primarily liable defendant York, and to allow the jury to assess the damages, if any, at that time, the court properly instructed the jury that as a prerequisite to their assessing damages against the defaulting defendant, they should determine the question of liability of the answering and primarily liable defendant. ▇ By their verdict, the jury, in determining that the defendant charged with being primarily liable was not responsible for damages suffered by the plaintiffs, thereby established that plaintiffs had no cause of action growing out of the accident in question against any of the defendants involved therein, and the trial court was correct in refusing to enter a final judgment in favor of such plaintiffs against the defaulting defendant.

We find no prejudicial error in the action of the trial court permitting attorneys for the defaulting defendant to present argument and a brief in opposition to plaintiffs' motion for entry of final judgment against such defendant.

The purported appeal from the order denying plaintiffs' motion to enter final judgment against The Foothill Supply Company, defaulting defendant, is dismissed for the reason that the questions raised thereby have been determined upon the appeal from the judgment.

For the foregoing reasons, the judgment appealed from is affirmed.

York, P. J., and Doran, J., concurred.