[Civ. No. 6219.   Fourth Dist.   Jan. 15, 1960.]

JOE CSORDAS, Appellant, v. UNITED SLATE TILE AND COMPOSITION ROOFERS et al., Respondents.

Brumer & Hopson for Appellant.

No appearance for Respondents.

MONROE, J. pro tem.*—The plaintiff brings action for damages for breach of contract. Plaintiff alleges in his complaint that he was doing business as a contractor under the fictitious name of All American Roofing Company, that he had a written contract with defendant labor union by which they agreed upon request to furnish to plaintiff as a contractor qualified and competent workmen and skilled mechanics of the classification needed by the contractor. Plaintiff alleges, in substance, that he was employed in constructing a building in Madison Park in the city of Santa Ana and that he was in need of a skilled tile setter to apply the roof, that he applied to the union and that they, pursuant to their agreement, furnished the defendant Cassidy, representing him to be skilled and competent to do the work contemplated. It is alleged that Cassidy was unskilled, that the work was done improperly, resulting in damage.

The defendants defaulted and their default was entered. Plaintiff applied to the court for judgment and in a hearing gave evidence sufficient to establish a prima facie case. The trial court granted judgment against Cassidy but refused to grant a judgment against the defendant union. The plaintiff appeals from this judgment. No brief has been filed on behalf of the defendants and respondents. We may therefore pursuant to rule 17(b) of Rules on Appeal, assume the correctness of the statements of fact in appellant's brief.

The cause of action set forth in plaintiff's complaint as to the defendant union was based upon breach of an express contract. The court in denying relief against the defendant union stated that he found no evidence of any negligence on the part of the union. The question involved was not one of negligence but breach of contract. The evidence offered by plaintiff made at least a prima facie case of breach of contract and of resulting damage.

*Assigned by Chairman of Judicial Council.

■ Generally speaking, the party who makes default thereby confesses the material allegations of the complaint. (*Svetina* v. *Burelli,* 87 Cal.App.2d 707 [197 P.2d 562]; *In re Wiechers Estate,* 199 Cal. 523 [250 P. 397].) ■ It is, of course, true that the court may not by default grant any relief in excess of that prayed for. (*In re Williams Estate,* 36 Cal.2d 289 [223 P.2d 248].) ■■ Where, however, a cause of action is stated in the complaint and evidence is introduced sufficient to establish a prima facie case the trial court may not disregard the same.

"The court must hear the evidence offered by the plaintiff, and must render judgment in his favor for such sum, not exceeding the amount stated in the complaint, as appears from the evidence to be just." (28 Cal.Jur.2d 653.)

It is so expressly provided by Code of Civil Procedure, section 585, subdivision 2.

■ The court may not in any action disregard uncontradicted credible testimony. (*Mantonya* v. *Bratlie,* 33 Cal.2d 120, 127 [199 P.2d 677].)

■ At the hearing the plaintiff introduced evidence showing the amount of damages occasioned by the unskillful work, as a result of which it became necessary to remove the roof and build it over again. Additional damage was claimed by reason of injury to plaintiff's business and loss of profits. It is for the trial court to determine upon further hearing whether such damage is established. By Civil Code, section 3300, damages for breach of contract includes those damages which in the ordinary course of things would be likely to result therefrom. ■ In a proper case loss of profits may be a proper damage. (*Ross* v. *Frank W. Dunne Co.,* 119 Cal.App. 2d 690 [260 P.2d 104].) This phase of the matter is addressed to the sound discretion of the trial court.

The judgment is reversed.

Griffin, P. J., and Shepard, J., concurred.