[Civ. No. 18813. First Dist., Div. One. Aug. 4, 1960.]

DELFIN MARTIN, Respondent, v. TED CINELLI,
Appellant.

W. M. Pinney, Jr., for Appellant.

Peter Anello for Respondent.

TOBRINER, J.—When a trial court refuses to set aside a default judgment upon a motion under Code of Civil Procedure, section 473, this court reviews the record to determine if the court has abused its discretion. We have found no abuse of discretion in the record before us.

The case arose from this background: Respondent brought an action for breach of contract against appellant and three other persons, whose identity were then unknown and who were accordingly designated as First, Second and Third Doe, individually and as "co-partners transacting business under the firm name and style of Cinelli & Co., Inc."; and "Cinelli & Co., Incorporated, a corporation." The complaint alleged appellant to be sole owner of the stock in Cinelli & Co., Inc., with whom respondent had contracted, stating that the corporation was but a "mere shell and naked corporate framework" which appellant and the other individual defendants below "fraudulently used" to avoid their alleged obligations.

Appellant and Cinelli & Co., Inc., having been served with a copy of the complaint and summons, failed to appear and plead to the complaint; accordingly, on September 19, 1958, the court entered a judgment against both of them. On December 24, 1958, appellant moved to set aside that judgment, supporting it by his "Declaration." On December 30, 1958, appellant filed a verified answer to respondent's complaint. On January 2, 1959, respondent filed his "Declaration" in opposition to appellant's motion. Judge Raymond G. Callaghan, of the Superior Court, in and for the County of Santa Clara, denied appellant's motion on January 9, 1959. On February 9, 1959, appellant obtained an order from Judge Callaghan permitting him to renew his motion to set aside the default judgment. Appellant's second motion to set aside the judgment, filed on the same day, supported by another

"Declaration" by appellant, was denied by Judge John D. Foley of the above superior court. It is from this order of Judge Foley that appellant appeals to this court.

The factual crux of this case involves a certain telephone conversation between appellant and respondent's attorney, the accounts of which differ.

Appellant claims that in the course of that conversation, he made, among others, the following statements: Appellant was President of the corporation, one Meyerstein, Vice-President, and one Reid, Secretary-Treasurer; appellant "was a member of the Board of Directors . . . along with" Milani and Rustici, "the other two stockholders, who each owned 50 shares, like" appellant, Meyerstein and Reid; appellant "acted only as agent of the aforesaid corporation" and respondent "knew this"; "the $1,000 advance" paid to respondent "under that contract was paid by the corporation." Appellant further alleges that, at the close of the conversation, respondent's attorney "asked me to give him the names of the other officers and directors . . . and I spelled them for him." Respondent's attorney then allegedly stated, " 'I'll take care of it,' or words to a similar effect."

By contrast, respondent's attorney states in his "Declaration," "That at no time did I ever tell [Appellant] that I would file another complaint in this matter, and at no time did I ever tell [him], either *expressly* or *impliedly,* that he did not have to do anything about the summons and complaint that were served on him, but on the contrary, I emphasized most emphatically on several occasions during said telephone conversation that he should consult an attorney." Respondent's attorney also alleged that appellant "insisted upon giving me the names and addresses of the other officers of the corporation and suggested that I also serve them in an individual capacity just as he had been served . . ."

Appellant's briefly-stated contentions upon appeal urge, first, that "appellant . . . at the worst was laboring under the mistake that nothing further would be required of him . . ." and, since the law favors a trial on the merits and the "uncontradicted evidence . . . affords grounds for . . . relief," the default should be set aside under Code of Civil Procedure, section 473; second, that the default works upon appellant "inequitable and anomalous" consequences because of the possibility that the other defendants might be exonerated and appellant himself held liable.

As to the first point, the evidence as to the crucial

phone call is not "uncontradicted" but in conflict. Faced with such divergent versions, this court will accept the conclusions of the trial court; trial courts are charged with the primary responsibility of ascertaining the credibility of affiants and the weight of their averments. (*Zuver* v. *General Development Co.* (1934), 136 Cal.App. 411 [28 P.2d 939]; *Estate of McCarthy* (1937), 23 Cal.App.2d 398 [73 P.2d 914]; *Bishop* v. *Babcock* (1950), 99 Cal.App.2d 232 [221 P.2d 733].)

Likewise, relief from default obviously lies in the discretion of the trial court (Code Civ. Proc., § 473); this discretion will not be impugned except for clear and manifest abuse. (*Gudarov* v. *Hadjieff* (1952), 38 Cal.2d 412 [240 P.2d 621]; *Beard* v. *Beard* (1940), 16 Cal.2d 645 [107 P.2d 385]; *Colvin* v. *Sibley* (1953), 117 Cal.App.2d 144 [255 P.2d 16].)

Pursuant to these principles, we must assume that the trial court found as a matter of fact that respondent's attorney advised appellant to obtain legal counsel and misled him neither as to inaction in the law suit nor as to the joinder of other parties. A business man, admittedly familiar with the nature of litigation, appellant, stripped of the excuse of the alleged misleading phone call, offers no other or plausible reason for his quiescent behavior. By the same token he gives us no reason for ruling that the trial court abused its discretion.

Turning to appellant's second point, he contends that he suffers an "inequitable and anomalous" result if we do not set aside the judgment because of the possibility that in respondent's action against the other individual defendants they may prevail on the ground that respondent had contracted only with the corporation and therefore must look to it alone for recovery. But we are not concerned here with the merits of appellant's case; appellant's voluntary default relegates that matter to a point beyond our inquiry.

Furthermore, in face of a default judgment we must deem the allegations of the complaint to be admitted by the defaulting defendant. (*Freeze* v. *Salot* (1954), 122 Cal.App. 2d 561 [266 P.2d 140]; *Horton* v. *Horton* (1941), 18 Cal.2d 579 [116 P.2d 605].) This rule, of course, applies only to those parties who default; the other defendants may defend and obtain their trial upon the merits. (*Randall* v. *Hunter* (1886), 69 Cal. 80 [10 P. 130].) Then, too, section 578, Code of Civil Procedure, provides that a judgment may be given for or against one or more of several defendants; the section permits a judgment against one who defaults and yet

in favor of those who defend. (*Bailey Loan Co.* v. *Hall* (1895), 110 Cal. 490 [42 P. 962].) Finally, again resolving an evidentiary conflict at the trial level in favor of respondent, we must assume that the plaintiff brought the other defendants into the case at appellant's instigation, or at least with his freely granted assistance; appellant's current suggestion that their presence may result in injustice to him does not win sympathy or agreement.

In summary, two trial judges found inexcusable neglect in appellant's failure to appear. Appellant, a business man, admittedly familiar with the requirements of litigation, phoned respondent's counsel and received word to consult an attorney. He did not do so; and we cannot find an abuse of discretion in the trial court's refusal to rescue him from his deliberate omission.

We affirm the order.

Bray, P. J., and Duniway, J., concurred.

A petition for a rehearing was denied August 19, 1960, and appellant's petition for a hearing by the Supreme Court was denied September 27, 1960.