[Civ. No. 27363. Second Dist., Div. Four. Jan. 2, 1964.]

SUE COX, Plaintiff and Appellant, v. CERTIFIED GRO-CERS OF CALIFORNIA LTD. et al., Defendants and Respondents.

Selvin, Cohen & Rosen and Paul P. Selvin for Plaintiff and Appellant.

Wyman, Finell & Rothman, Charles L. Fonarow, Hagenbaugh, Murphy & Meifert, Sigurd E. Murphy and Henry F. Walker for Defendants and Respondents.

KINGSLEY, J.—This is an action to recover damages for injuries sustained by plaintiff in a fall at a food market. Defendants are Big Saver Food, Inc., the operator of the public market where the fall occurred (hereinafter "Big Saver"); Certified Grocers of California Ltd., a supplier of nonfood items to the market (hereinafter "Certified"); and Jack Orphan, an employee of Certified Grocers (hereinafter "Orphan").

At the close of plaintiff's case, the trial judge granted Big Saver's motion for nonsuit. The jury thereafter returned a verdict for the remaining defendants, Certified and Orphan, on which verdict judgment was entered. A motion for a new trial was denied. Plaintiff has appealed from both the judgment of nonsuit and from the judgment on the verdict. Plaintiff is represented on this appeal by counsel other than those who appeared for her in the trial court.

I

At the outset Certified and Orphan contend that the appeal as to them must be dismissed because it was not timely taken.

As it concerns defendants Orphan and Certified Grocers, judgment on the verdict was entered December 5, 1962. Plaintiff's motion for a new trial, filed December 12, 1962, was denied January 18, 1963. Plaintiff's notice of appeal to this court was filed February 5, 1963 (62 days after entry of judgment).

■ Ordinarily a notice of appeal to this court must be filed within 60 days after the date of entry of judgment. (Cal. Rules of Court, rule 2(a).) However, rule 3(a) allows an extension of time when a *valid notice* of intention to move for a new trial is served and filed by the moving party. Defendants Orphan and Certified claim that they were never served with a valid notice of intention to move for a new trial, and therefore that plaintiff's time to appeal was not extended by the operation of rule 3(a).

Plaintiff's notice of motion for a new trial was addressed "To CERTIFIED GROCERS OF CALIFORNIA, BIG SAVER FOODS, INC., and their attorney's [*sic*] of record:" The affidavit of service by mail shows that the notice was served upon the respective attorneys of each defendant named therein. It is to be noted, however, that the notice of motion was not addressed to defendant Orphan nor served upon him personally.

■ Since the notice of motion was not addressed to Orphan and the affidavit of service by mail does not show that service was made upon him personally or by service upon his attorneys (although he was represented by the same attorneys who represented his employer), the trial court lacked all jurisdiction to make an order affecting Orphan. (*Spruce* v. *Wellman* (1950) 98 Cal.App.2d 158 [219 P.2d 472]; *Tubbs* v. *Los Angeles Transit Lines* (1953) 121 Cal. App.2d 748 [264 P.2d 46].) ■ The fact that the notice of hearing of the motion for new trial was addressed to defendant Orphan and served upon his attorneys of record does not cure the initial defect; that notice merely advised Orphan that a motion not involving him was to be heard; it may have piqued his curiosity, but it did no more. Further, since the notice of hearing was served over a month after notice of entry of judgment, it was too late to have any legal effect. (Code Civ. Proc., § 659; *Sitkei* v. *Frimel* (1948) 85 Cal.App.2d 335 [192 P.2d 820].) ■ Since no valid motion for new trial was ever pending against defendant Orphan, and since the notice of appeal was filed more than 60 days after entry of judgment, the appeal is untimely and must, therefore, be dismissed as to him.

The notice of appeal was also filed too late insofar as Certified is concerned. Since the notice of motion for new trial was invalid as to Orphan, it was also invalid as to his employer, Certified. The cases give two reasons for this result:

(1) "It is made mandatory by section 659 of the Code of Civil Procedure that a party intending to move for a new trial shall serve upon the adverse party a notice of intention so to do. The term 'adverse party' includes every party whose interest in the subject-matter of the motion will be affected by the granting of the motion. The superior court is without jurisdiction to reexamine an issue of fact that has been tried and change its decision thereon unless all of the parties to the issue have been properly brought before it by serving the required notice." (*Johnston* v. *City of San Fernando* (1939) 35 Cal.App.2d 244, 246 [95 P.2d 147].)

Defendant Orphan was not only interested in any judgment that might be rendered against himself but he was also interested in any judgment that might be rendered against Certified, his employer. The rule is that an employer against whom a judgment has been rendered for damages occasioned by the negligent act of an employee, within the scope of his employment, may recoup his losses in an action against the negligent employee. (*Johnston* v. *City of San Fernando, supra.*) Since an indispensable party was not properly joined in the notice of motion for new trial, no valid notice was ever served on defendant Certified.

(2) A second reason for the rule that the employee must be made a party to a motion for new trial exists where, as here, the sole ground urged against the employer is that of *respondeat superior*. Since defendant Orphan has finally and conclusively been determined not to be liable to plaintiff, his employer cannot be liable. (*Spruce* v. *Wellman, supra* (1950) 98 Cal.App.2d 158.) A new trial against Certified would, therefore, be useless, since no verdict or judgment rendered against it could lawfully be entered.

It follows that, as with Orphan, the notice of appeal, not having the benefit of a valid motion for a new trial to help it, was filed too late and the appeal as to Certified must also be dismissed.

II

The remainder of this opinion will be concerned with plaintiff's appeal from the judgment of nonsuit entered in favor of the market owner, Big Saver.

Big Saver also urges that the notice of appeal as to it was filed too late. The nonsuit was granted by minute order made on December 3, 1962, and entered on December 5, 1962. The notice of appeal was filed on February 5, 1963.[1] As with the attempted appeals from the judgments in favor of Orphan and Certified, the notice is in time only if a valid notice of motion for new trial had extended the time. Big Saver asserts that the notice of motion, although properly designating it as a party, and properly served, was defective in that the grounds upon which plaintiff sought a new trial against Big Saver were not set out with the required specificity. We do not agree.

It is true that the notice in this case was poorly phrased, and that resort must be made to the points and authorities thereafter filed and served in order to understand the real basis of the motion. Nevertheless, Big Saver was fully advised as to the grounds urged by plaintiff, and appeared and argued the motion without objection as to the form of the notice. While, as we have pointed out above, a failure properly to designate and serve a party to a motion for new trial is jurisdictional and cannot be waived (*Tubb* v. *Los Angeles Transit Lines, supra* (1953) 121 Cal. App.2d 748; *Spruce* v. *Wellman, supra* (1950) 98 Cal.App. 2d 158), objections as to form are waived if not timely urged (*McFarland* v. *Kelly* (1963) 220 Cal.App.2d 585 [33 Cal. Rptr. 754]; *Bauer* v. *Helene Curtis Industries, Inc.* (1953) 117 Cal.App.2d 66 [254 P.2d 931]). Not having made its objections in the trial court, Big Saver cannot make them here. The new trial proceedings were valid and served to extend the time for appeal.

Since we now consider the granting of a nonsuit, we state the evidence in the light most favorable to plaintiff, disregarding any conflicts or inconsistencies, and drawing any permissible inferences in her favor. Thus viewed, the facts are simple. Plaintiff fell in an aisle of Big Saver Food, Inc., a public market, and broke her hip. There is evidence that portions of the aisle were obstructed by cartons, which narrowed the passageway, that plaintiff was

---

[1]The notice of appeal is from "the order of nonsuit granted on November 29, 1962, in favor of defendant BIG SAVER MARKET and from the judgment of the above-entitled Court entered December 5 1962." In spite of the obvious error in one date, and the nonappealability of the original order itself, we treat the notice as a valid appeal from the entry made on December 5, 1962. (See Cal. Rules of Court, rule 1(a).)

forced to pass closely to defendant Orphan, who was on one side of the aisle reaching for merchandise to install in one of the nonfood fixtures of the market, that, as plaintiff passed Orphan, she tripped on his heel causing her fall.

Plaintiff urges that the trial court erroneously granted the nonsuit because there was evidence from which the jury could have determined that (1) Big Saver, by placing the boxes in the aisle, created a dangerous condition that substantially contributed to plaintiff's fall and that plaintiff was free of the defenses of contributory negligence and assumption of the risk; (2) Big Saver could be held liable for the negligence of Orphan on the theory of *respondeat superior*.

We find plaintiff's second contention to be without any support in the record. The pretrial conference order, which incorporated the joint pretrial statement, indicates that there is no issue of imputed negligence or agency or dual employment or joint venture; the only liability issue with respect to Big Saver is ''negligence, if any, on the part of defendant Big Saver....'' It is well settled that the pretrial order supersedes the pleadings and controls the subsequent course of the case, and where issues are not raised at the pretrial conference or listed on the pretrial order, they are not issues in the case. (*People* v. *Valley Drive-In Theater Corp.* (1962) 206 Cal.App.2d 309, 314 [23 Cal.Rptr. 626]; *County of Kings* v. *Scott* (1961) 190 Cal.App.2d 218, 225 [11 Cal.Rptr. 893].) It should be noted that, if plaintiff did seek to rely on the theory that Big Saver had a *respondeat superior* liability for the conduct of Orphan, the appeal as to Big Saver would fall for the same reasons which compel dismissal of the appeal as to Orphan and Certified. The appeal is saved only by virtue of the fact that plaintiff contends that she was entitled to go to the jury on the theory that Big Saver's own negligence subjected it to liability for her injuries. Because of the omission of Orphan from the new trial proceedings, with its resultant effect of negating any right of indemnity against him as hereinabove discussed, on any retrial of the action against Big Saver, it must be deemed that Orphan was free from negligence. Any recovery against Big Saver must be based on a finding that Big Saver itself was negligent, although Orphan was not, and that Big Saver's negligence was the sole proximate cause of plaintiff's injuries.

The first contention, however, we find meritorious.

An operator of a commercial establishment owes a duty to a business invitee to exercise ordinary care to keep the premises in a reasonably safe condition. (Rest., Torts, § 343; *Laird* v. *T. W. Mather, Inc.* (1958) 51 Cal.2d 210 [331 P.2d 617].) Since Big Saver, in the exercise of ordinary care, owed a duty to plaintiff to keep the premises in a reasonably safe condition, the jury could have concluded that Big Saver, in placing the cartons in the aisle, created a dangerous condition that substantially contributed to plaintiff's mishap, and that plaintiff was free from the defenses of contributory negligence and assumption of the risk.

The attempted appeals from the judgment in favor of defendant Certified Grocers of California Ltd., from the judgment in favor of defendant Jack Orphan, and from the order granting a nonsuit as to Big Saver Food, Inc., are dismissed; the judgment of nonsuit in favor of defendant Big Saver Food, Inc., is reversed. Certified Grocers of California Ltd., and Jack Orphan shall recover their costs against appellant; appellant shall recover her costs against Big Saver Food, Inc.

Burke, P. J., and Jefferson, J., concurred.

Petitions for a rehearing were denied January 17, 1964, and January 21, 1964, and the petitions of appellant and of respondent Big Saver Food, Inc., for a hearing by the Supreme Court were denied February 26, 1964.