[Civ. No. 629.   Fifth Dist.   June 15, 1966.]

WILLIE TAYLOR, Plaintiff and Appellant, v. SOCONY MOBIL OIL COMPANY, INC., Defendant and Respondent.

Colley & McGhee and Milton L. McGhee for Plaintiff and Appellant.

Sims Hamilton, R. H. Buchanan and R. H. Zahm, Jr., for Defendant and Respondent.

STONE, J.—Plaintiff appeals from a judgment that followed an order granting motion for nonsuit in an action for malicious prosecution.

George Allen, while employed as a service station operator for defendant Socony Mobil Oil Company, was the victim of

an armed robbery. He was alone at the time. In accordance with instructions from his employer, Allen immediately telephoned the police and then his superior. He did not know the robber and there was no clue to the man's identity. Later Allen chanced to see plaintiff on the street and recognized him as the armed robber. He so informed his employer and the police, and plaintiff was arrested. Allen made a positive identification in the police lineup and again at the preliminary hearing, resulting in plaintiff's being held to answer.

Thereafter the complaint was dismissed at the request of the district attorney's office because of insufficiency of the evidence, and plaintiff was released from custody.

Plaintiff then instituted this action for malicious prosecution against Allen, the service station employee, and Socony Mobil Oil Company, his employer. As defendant Allen failed to answer, his default was entered; however, defendant Socony Mobil Oil Company answered, denying all material allegations of the complaint. The action went to trial as against Socony Mobil and, at the conclusion of plaintiff's case, Socony Mobil's motion for a nonsuit was granted.

We have reviewed the record, keeping in mind that conflicts in the evidence must be disregarded, that plaintiff's evidence must be given all of the value to which it is legally entitled, that every legitimate inference which may be drawn from the evidence must be indulged in favor of plaintiff, and that to support the judgment of nonsuit this court must conclude there is no evidence of sufficient substantiality to support a verdict in favor of the plaintiff if such a verdict were given. (*Kopfinger* v. *Grand Central Public Market,* 60 Cal.2d 852, 855 [37 Cal.Rptr. 65, 389 P.2d 529] ; *Meyer* v. *Blackman,* 59 Cal.2d 668, 671 [31 Cal.Rptr. 36, 381 P.2d 916].)

Even though we indulge every possible intendment in favor of plaintiff, the record reflects no evidence to support two of the three necessary elements of an action for malicious prosecution, namely, lack of probable cause, and malice. (See *Jaffe* v. *Stone,* 18 Cal.2d 146, 149 [114 P.2d 335, 135 A.L.R. 775] ; *Weber* v. *Leuschner,* 240 Cal.App.2d 829, 836 [50 Cal.Rptr. 86].) Indeed, plaintiff does not seriously argue that he presented testimony constituting a prima facie showing of lack of probable cause or of malice. He argues that proof of these issues is supplied by the pleadings, as his complaint alleges there was lack of probable cause for his arrest, that defendant Allen was motivated by malice in causing his arrest,

that defendant Allen was the employee of defendant Socony Mobil, acting within the scope of his employment at all times, all of which was admitted by Allen's failure to answer the complaint. From Allen's default, argues plaintiff, the jury could have inferred that he acted with malice and without probable cause.

Certainly what plaintiff says is true as to the defaulting Allen, but it does not follow that Socony Mobil, as Allen's principal, is also bound by his admissions.

The validity of plaintiff's argument rests upon his major premise that an admission implied from the default of one defendant is binding upon an answering codefendant who has denied the relevant allegations of the complaint. His position is untenable. ■ *Miller* v. *Keegan*, 92 Cal.App.2d 846, at page 852 [207 P.2d 1073], states the correct rule as follows: "It is an established principle of law that admissions implied from the default of one defendant ordinarily are not binding upon a codefendant who, by answering, expressly denies and places in issue the truth of the allegations thus admitted by the absent party." (See also *J. M. Wildman, Inc.* v. *Stults*, 176 Cal.App.2d 670, 674 [1 Cal.Rptr. 651].)

Plaintiff's argument is also vulnerable under the rules of evidence. ■ "The declarations of an agent are admissible only when made in regard to a transaction, in the course of his agency, pending at the very time of the declarations and where the statements or declarations are a part of the *res gestae.*" (*Herman Waldeck & Co.* v. *Pacific Coast Steamship Co.*, 2 Cal.App. 167, 169 [83 P. 158].) ■ Here, the admissions were made not only after the event occurred (*Miller* v. *Anson-Smith Constr. Co.*, 185 Cal.App.2d 161, 166 [8 Cal.Rptr. 131]; *Taylor* v. *Bernheim*, 58 Cal.App. 404, 409 [209 P. 55]), but were made after Allen's employment had terminated. (Code Civ. Proc., § 1870, subd. 5; Witkin, Cal. Evidence (1958) § 230, subd. (3), p. 260, 1963 Supp. p. 91; *West Coast Life Ins. Co.* v. *Crawford*, 58 Cal.App.2d 771, 785 [138 P.2d 384].)

Therefore we conclude that the default of the employee Allen, although an admission by him as to matters properly pleaded in the complaint, is not admissible as evidence against his principal who answered and denied the same allegations.

The judgment is affirmed.

Conley, P. J., and McMurray, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.