[Civ. No. 25290.   First Dist., Div. One.   Oct. 28, 1968.]

JOHN MOREHOUSE, Plaintiff and Appellant, v. XAVIER WANZO, Defendant and Respondent.

Lew M. Warden, Jr., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

SIMS, J.—Plaintiff, in an action to recover damages for personal injuries, has appealed from that portion of a judgment which denied him relief against a defaulting defendant. It appears, on the record, that the court erred in ruling that the complaint failed to state a cause of action because of the prohibitions of the Labor Code.[1] The judgment must be reversed.

Plaintiff, a laborer employed by a subcontractor engaging in pouring and finishing concrete on a construction job, sought, by his first amended complaint to recover damages from the general contractor and the latter's employee Wanzo. The employee was served with a copy of the first amended complaint. He failed to appear, and his default was duly entered by the clerk. It was agreed between the court and counsel for plaintiff that the matter of the hearing on the employee's default (see Code Civ. Proc., § 585, subd. 2)[2] might be deferred until the termination of a trial involving the plaintiff, the general contractor, and the plaintiff's employer's compensation carrier who had intervened in the action (see Lab. Code, § 3852).[3] It was understood that the court might consider the testimony given at the trial and the verdict of the jury in determining the damages to be assessed

[1]Labor Code section 3601 provides in part: "(a) Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this division is, . . . the exclusive remedy for injury or death of an employee against the employer or against any other employee of the employer acting within the scope of his employment, . . . [there follow exceptions not within the issues of this case]."

[2]Subdiviison 2 of section 585 of the Code of Civil Procedure provides in pertinent part: "In other actions, if the defendant has been personally served and no answer or demurrer . . . has been filed with the clerk or judge of the court within the time specified in the summons, or such further time as may be allowed, the clerk, in courts having a clerk, must enter the default of the defendant; and thereafter the plaintiff may apply to the court for the relief demanded in the complaint; . . . If . . . the proof of any fact, is necessary to enable the court to give judgment . . . the court may . . . hear the proof, . . . And where the action is for the recovery of damages, in whole or in part, the court may order the damages to be assessed by a jury; . . ."

[3]Section 3852 of the Labor Code provides: "The claim of an employee for compensation does not affect his claim or right of action for all damages proximately resulting from such injury or death against any person other than the employer. Any employer who pays, or becomes obligated to pay compensation, or who pays, or becomes obligated to pay salary in lieu of compensation, may likewise make a claim or bring an action against such third person. In the latter event the employer may recover in the same suit, in addition to the total amount of compensation, damages for which he was liable including all salary, wage, pension, or other emolument paid to the employee or to his dependents."

against the employee. The jury returned a verdict in favor of plaintiff and against the general contractor in the sum of $62,763. Judgment was entered on the verdict accordingly. The compensation carrier suffered a nonsuit and was denied any recovery.[4] The judgment recites that no one appeared for the employee at the trial; that the cause between the plaintiff and the employee was heard by the court on the default of that defendant; and that subsequent to the verdict and prior to judgment the court had ordered that the plaintiff take nothing against the employee on the ground that the first amended complaint failed to state a cause of action against him. The judgment concludes that plaintiff take nothing against the employee. This appeal ensued. No appearance has been made before this court by the employee, or by anyone else on his behalf.

The allegations of the complaint, in addition to setting forth the status of the parties as outlined above, charge the general contractor with failure to furnish plaintiff a safe place to work (see *Souza* v. *Pratico* (1966) 245 Cal.App.2d 651, 656-658 [54 Cal.Rptr. 159]; and Lab. Code, §§ 6302-6305 and 6400-6404), and its employee Wanzo, with negligence in the operation of a mechanical concrete buggy. The latter allegations read: "At said time and place, the defendant Xavier Wanzo did so negligently and carelessly operate a certain mechanized concrete buggy as to cause the same to run into and collide with the plaintiff, thereby causing plaintiff to fall from the elevated portion of the building upon which he was working as aforesaid." A further ground of recovery is the alleged negligence of the general contractor in assigning Wanzo to the operation of the mechanized concrete buggy when he was not qualified for that task.

No record of the trial has been filed with this appeal so that it cannot be determined which theories were supported by evidence and submitted to the jury. It is possible that the evidence showed no negligence by Wanzo, or that he was a fellow employee of plaintiff rather than an employee of the general contractor; and that therefore, although the general contractor was held liable for its own negligence, it was not held on the theory of *respondeat superior*. Under such circum-

---

[4]The denial of recovery to the compensation carrier may suggest that there was concurrent negligence on the part of the subcontractor who was plaintiff's employer. (See *Witt* v. *Jackson* (1961) 57 Cal.2d 57, 72-73 [17 Cal.Rptr. 369, 366 P.2d 641]; and *Souza* v. *Pratico* (1966) 245 Cal. App.2d 651, 665-666 [54 Cal.Rptr. 159].)

stances the court properly might deny any recovery against the employee on considering the same facts in connection with the default hearing. (See *Taliaferro* v. *Hoogs* (1963) 219 Cal. App.2d 559, 560 [33 Cal.Rptr. 415]; and *Riddle* v. *Fiano* (1961) 194 Cal.App.2d 684, 692-694 [15 Cal.Rptr. 248]; *Plott* v. *York* (1939) 33 Cal.App.2d 460, 463-464 [91 P.2d 924]; but cf. *Csordas* v. *United Slate Tile etc. Roofers* (1960) 177 Cal. App.2d 184, 186 [2 Cal.Rptr. 133].) Such speculation is precluded by the record in this case because of the recital in the judgment which reads, ''and the Court on November 25, 1966, having ordered that plaintiff take nothing against the defendant XAVIER WANZO on the ground that the First Amended Complaint herein fails to state a cause of action against said defendant,'' and because the settled statement reads, ''. . . default proceedings were had by stipulation between the Court and counsel for plaintiff in the Court's chambers, at which said proceedings the Court announced that she intended to render judgment in the default proceedings in favor of the defendant XAVIER WANZO on the ground that the First Amended Complaint did not state facts sufficient to constitute a cause of action against such defendant by reason of the provisions of Section 3601 of the Labor Code, and judgment thereafter was rendered.'' (See *Zak* v. *State Farm etc. Ins. Co.* (1965) 232 Cal.App.2d 500, 506 [42 Cal. Rptr. 908].)

■ It is erroneous to grant a default judgment where the complaint fails to state a cause of action. (*Rose* v. *Lawton* (1963) 215 Cal.App.2d 18, 19-20 [29 Cal.Rptr. 844]; *Williams* v. *Foss* (1924) 69 Cal.App. 705, 707-708 [231 P. 766].)

■ In this case, however, examination of the complaint reveals that, in addition to the allegations quoted above, it adequately alleges proximate cause and injury and damages. It may have been subject to special demurrer because several causes of action were not separately stated (see Code Civ. Proc., § 430, subd. 5), but it unquestionably states a cause of action against Wanzo individually for his negligence. (See *Guilliams* v. *Hollywood Hospital* (1941) 18 Cal.2d 97, 99-101 [114 P.2d 1]; *Fallon* v. *United Railroads of San Francisco* (1915) 28 Cal.App. 60, 66 [151 P. 290]; and 2 Witkin, Cal. Procedure, Pleading (1954) § 280, p. 1255.) The action reported in the settled statement supports this conclusion. The complaint was deemed inadequate, not because of what it failed to allege, but because it was believed to have alleged too much.

The provisions of section 3601 of the Labor Code (see fn. 1, *supra*) do not bar plaintiff's right to recover from a third party tortfeasor. (Lab. Code, § 3852, see fn. 3, *supra*; *DeCruz* v. *Reid* (1968) 69 Cal.2d 217, 222 [70 Cal.Rptr. 550, 444 P.2d 342]; *Castro* v. *Fowler Equipment Co.* (1965) 233 Cal.App.2d 416, 420 [43 Cal.Rptr. 589]; *Housewright* v. *Pacific Far East Line, Inc.* (1964) 229 Cal.App.2d 259, 268 [40 Cal.Rptr. 208].) Although the plaintiff was doing work under the general supervisory power of the general contractor, that fact would not make him an employee of the general contractor as a matter of law so as to bar his right to recover for the negligence of the general contractor. (*McFarland* v. *Voorheis-Trindle Co.* (1959) 52 Cal.2d 698, 702-706 [343 P.2d 923]; *Miller* v. *Long Beach Oil Dev. Co.* (1959) 167 Cal.App.2d 546, 549-551 [334 P.2d 695].) No reason suggests itself why the employee of the general contractor for whose negligence the general contractor is responsible should not also be individually liable for his negligence. In fact it is recognized that if the general contractor is held liable on the theory of *respondeat superior* he will have a right to indemnity from his negligent employee. (See *Hilts* v. *County of Solano* (1968) 265 Cal.App.2d 165, 178-179 [71 Cal.Rptr. 275]; *Cox* v. *Certified Grocers of Cal. Ltd.* (1964) 224 Cal. App.2d 26, 31 [36 Cal.Rptr. 48].)

The allegations of the complaint show that plaintiff and Wanzo had separate employers. The situation in which an employee seeks to recover from a fellow employee of a common employer should be distinguished. (See *Lowman* v. *Stafford* (1964) 226 Cal.App.2d 31 [37 Cal.Rptr. 681], passim; and cf. *Saala* v. *McFarland* (1965) 63 Cal.2d 124 [45 Cal.Rptr. 144, 403 P.2d 400].) The provisions of division 5 (§§ 6300-7804) of the Labor Code which render the general contractor an "employer" and each of the subcontractors' employees, an "employee," for the purpose of enforcing safety in employment should not be confused with the provisions of division 4 (§§ 3201-6002) which define the relationship of employer and employee for the purpose of providing workmen's compensation insurance. (Cf. §§ 3351 with §§ 6304 and 6305; and see *DeCruz* v. *Reid, supra,* 69 Cal.2d 217, 228-229.)

It is concluded that the trial court erred in finding that the complaint failed to state a cause of action against the employee.

The necessity of reversing the portion of the judgment from which the appeal is taken, and the relationship

between the liability of the defaulting employee, and that asserted against the general contractor on the theory of *respondeat superior* must be examined. The judgment against the general contractor is not final but is the subject of an appeal by that defendant.

The question of whether the court should render a judgment against a defaulting defendant when there are several defendants is one that is entrusted to the discretion of the court by the provisions of section 579 of the Code of Civil Procedure. (*Lynch* v. *Bencini* (1941) 17 Cal.2d 521, 529-530 [110 P.2d 662]; *Kooper* v. *King* (1961) 195 Cal.App.2d 621, 627-629 [15 Cal.Rptr. 848]; *Adams Mfg. & Engineering Co.* v. *Coast Centerless Grinding Co.* (1960) 184 Cal.App.2d 649, 655 [7 Cal.Rptr. 761]; *Mirabile* v. *Smith* (1953) 119 Cal.App. 2d 685, 688-689 [260 P.2d 179].)

"It is the firmly-established rule that a judgment on the merits favorable to an employee in an action by a third person for a tort of the employee is a bar to an action by the third person against the employer where the latter's asserted liability for the tort rests upon *respondeat superior* and not his independent tort. [Citations.] And the rule is the same whether the actions are separate or the employee and employer are joined in the same action." (*Freeman* v. *Churchill* (1947) 30 Cal.2d 453, 461 [183 P.2d 4]. See also *Hilts* v. *County of Solano, supra,* 265 Cal.App.2d 165, 176-177; *Cox* v. *Certified Grocers of Cal. Ltd., supra,* 224 Cal.App.2d 26, 31; *Hendriksen* v. *Young Men's Christian Assn.* (1959) 173 Cal.App.2d 764, 770 and 773 [344 P.2d 77]; and *Plott* v. *York, supra,* 33 Cal.App.2d 460, 463-464.)

The situation here is the converse of that in *Plott* v. *York, supra,* where the court ruled that the plaintiff could not take a judgment against the defaulting employer after a verdict was returned against the injured plaintiff and in favor of the employee. (33 Cal.App.2d at p. 463.) The case is similar to *Naudack* v. *Canini* (1938) 29 Cal.App.2d 687 [85 P.2d 510], where the employee defaulted, and following trial against the employer, judgment was entered against both on a jury verdict which assessed the damages. The employer appealed and secured a new trial, which coincidently came to the same conclusion as the first jury. The court, on a second appeal, held there was no error in retrying the issues with respect to the employer because the judgment against the employee had become final. (29 Cal.App.2d at p. 690.)

The general contractor, as an employer liable under

the doctrine of *respondeat superior*, may take advantage of any favorable aspects of the judgment against the employee, but he is not bound by the issues resolved against the employee by the latter's default. (*Taylor* v. *Socony Mobil Oil Co.* (1966) 242 Cal.App.2d 832, 833-834 [51 Cal.Rptr. 764].) The fact that there may be inconsistent results in the default proceedings, and in the trial on the merits against the employer, cannot, when subjected to the foregoing principles, prejudice the employer, or dictate that the plaintiff should be denied a hearing on the default of the employee. (See *Cole* v. *Roebling Constr. Co.* (1909) 156 Cal. 443, 447-450 [105 P. 255]; and *Martin* v. *Cinelli* (1960) 183 Cal.App.2d 509, 512 [7 Cal.Rptr. 62].)

The general rule in default matters was enunciated in *Brown* v. *Brown* (1915) 170 Cal. 1 [147 P. 1168], as follows: ''Where a defendant is served with a summons and complaint stating the facts upon which he is required to act, and he makes default, he is presumed to admit all the facts which are well pleaded in the complaint. The judgment which follows upon this sort of admission is, in contemplation of law, a complete adjudication of all the rights of the parties embraced in the prayer for relief and arising from the facts stated in the complaint, including the facts in his favor as well as those against him. The defendant here is presumed to have acceded to the proposition embraced in the complaint and to have consented that plaintiff should obtain the relief therein prayed for, upon the conditions and facts set forth in the complaint.'' (170 Cal. at p. 5. See also *Taylor* v. *Socony Mobil Oil Co., supra,* 242 Cal.App.2d 832, 833-834; *In re Circosta* (1963) 219 Cal.App.2d 777, 785-787 [33 Cal.Rptr. 514]; *Mackie* v. *Mackie* (1960) 186 Cal.App.2d 825, 830 [9 Cal.Rptr. 173]; *Martin* v. *Cinelli, supra,* 183 Cal.App.2d 509, 512; *Csordas* v. *United Slate Tile etc. Roofers, supra,* 177 Cal.App. 2d 184, 186; *J. M. Wildman, Inc.* v. *Stults* (1959) 176 Cal. App.2d 670, 673-674 [1 Cal.Rptr. 651]; *O'Brien* v. *Appling* (1955) 133 Cal.App.2d 40, 42 [283 P.2d 289]; and *Brooks* v. *Nelson* (1928) 95 Cal.App. 144, 147-148 [272 P. 610].)

In *Csordis, supra,* the court reversed a judgment in favor of a defaulting defendant, under circumstances similar to this case, and stated: ''Generally speaking, the party who makes default thereby confesses the material allegations of the complaint. [Citations.] It is, of course, true that the court may not by default grant any relief in excess of that prayed for. [Citation.] Where, however, a cause of action is stated in the

complaint and evidence is introduced sufficient to establish a prima facie case the trial court may not disregard the same.

''The court must hear the evidence offered by the plaintiff, and must render judgment in his favor for such sum, not exceeding the amount stated in the complaint, as appears from the evidence to be just.'' (28 Cal.Jur.2d, 653.)

''It is so expressly provided by Code of Civil Procedure, section 585, subdivision 2.'' (177 Cal.App.2d at p. 186.)

That portion of the judgment appealed from is reversed.

Molinari, P. J., and Elkington, J., concurred.