Filed 12/30/13  Summers v. Pasadena Area Community College Dist. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JACOB SUMMERS, | B243972 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC442432) |
| v. | |
| PASADENA AREA COMMUNITY COLLEGE DISTRICT, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Susan Bryant-Deason, Judge.  Affirmed.

Law Offices of Lisa L. Maki, Lisa L. Maki and Christina M. Coleman for Plaintiff and Appellant.

Doumanian & Associates and Nancy P. Doumanian for Defendant and Respondent.

_____

Based upon allegations he had been "pantsed" twice by fellow Pasadena City College (PCC) band member Kyle Ballard[1] and the school failed to take appropriate protective and corrective measures, plaintiff and appellant Jacob Summers filed the operative first amended complaint against Ballard and the Pasadena Area Community College District (the District). Ballard's default was entered, but the action proceeded to jury trial against the District, resulting in a defense verdict. After verdict, the trial court entered a default judgment against Ballard and in favor of Summers for $161,721.44.

Summers appeals contending the judgment should be reversed for the following reasons: (1) it was error to allow Ballard to testify at trial because he was a defendant in default; and (2) the trial court should have advised the jury it found Ballard liable to Summers. We affirm.

**Allegations of the First Amended Complaint and Procedural Background**

Summers and Ballard attended PCC and were members of the band. In October 2009, 150 PCC band members were on the football field when Ballard came from behind Summers, reached around his waist, and pulled his shorts to the ground, leaving Summers in his underwear in front of the entire band. Kyle Luck, the band director, witnessed the incident but took no corrective action. Ballard was involved in ten similar incidents involving male students. In January 2010, while Summers was in the gymnasium with 30 other students, Ballard pulled Summers's pants and underwear down to his ankles, leaving him completely exposed from the waist down. A teaching assistant who witnessed the incident failed to take corrective action. Summers reported this incident to campus police and the school dean but was informed no action would be taken as nothing illegal happened.

Summers filed causes of action against the District for violation of the Unruh Civil Rights Act (Civ. Code, §§ 51, 51.7) and negligence. Ballard was named jointly in the

---

[1] Ballard is not a party to this appeal.

Unruh Civil Rights Act causes of action and individually in causes of action alleging intentional infliction of emotional distress, common law assault, and common law battery. Ballard's default was entered on April 4, 2011. The District filed an answer asserting various defenses and a cross-complaint against Ballard seeking declaratory relief on the ground of implied or equitable indemnity.

Summers filed numerous in limine motions, including in limine motion No. 9 for an order precluding Ballard from testifying at trial because he was a defendant in default. The District filed an opposition to in limine motion No. 9, arguing Ballard could be called as a witness, rather than as a defendant in default. Summers filed a reply. The trial court initially granted in limine motion No. 9, but during trial, reversed the ruling and allowed Ballard to testify as a witness on behalf of the District.

The jury returned a verdict in favor of the District. In the special verdict form, the jury found the District did not discriminate against Summers on the basis of sex, Ballard did not use violence upon Summers, nor did he intimidate Summers by threat of violence, and the District was not negligent in supervising the conduct of its students. Summers's motion for new trial and judgment notwithstanding the verdict were denied. Judgment was entered for the District on July 24, 2012.

## FACTS

Because of the nature of the issues on appeal, we provide a brief summary of the facts. Summers was a student at PCC from 2009-2010. Prior to attending PCC, he had attended other colleges and served four years of active duty in the Marine Corps as a drummer in the Marine drummer bugle corps. Summers and Ballard were both members of the PCC band.

In October 2009, as band members gathered around Luck following a practice, Ballard came up behind Summers and pulled down his shorts to his ankles, exposing his underwear. Summers was surprised, embarrassed, and ashamed. Other students giggled and laughed, but Summers told Ballard he did not think it was funny. Summers had seen

Ballard do the same thing to other students five to ten times. Luck observed Ballard's conduct and told him not to do that again.

On January 21, 2010, Ballard again pulled down Summers's shorts, this time in the presence of about 30 people. Aaron Bond, one of the instructors, was in the gym at the time of the incident. Because Summers was wearing his drummer's harness at the time, he could not immediately reach down to pull up his shorts. After taking off his harness, he realized that his shorts and underwear had been pulled down and he was naked in front of the class. Ballard said, "That's the cleanest pantsing I've ever done." Summers asked Ballard why he did that and reminded him he had asked him not to do that. "Whatever, bro. That's what we do. Deal with it."

After the second incident, Summers reported Ballard to campus police but was told no crime had been committed and no action would be taken. Summers then discussed the matter with Scott Thayer, the dean of student affairs at PCC, but he offered no solutions and suggested Summers speak to Dr. James Arnwine, dean of Performing Arts and Communication. Summers told Dr. Arnwine on January 22, 2010, that he did not want to make a big deal out of it and make it public, so Dr. Arnwine did not interview other students, but he did investigate with instructors. PCC has various policy guides, manuals, and protocols prohibiting assault, battery, physical abuse, and unlawful harassment or discrimination based on gender. Summers was told the matter could be handled as student misconduct or he could report it to the police. Ballard admitted to Dr. Arnwine on January 23 that he had "pantsed" Summers. Ballard was given an oral reprimand for disruption of a class. Dr. Arnwine did not feel Ballard assaulted Summers but instead considered it horseplay, as did Luck. Summers was advised a week later that Ballard had been removed from his class.

Summers continued to attend PCC but felt ostracized by other students. Comments on Ballard's Facebook page were threatening. Summers moved out of state in December 2010.

Ballard, testifying for the defense, admitted engaging in a pattern of pulling down the shorts of other students. He viewed it as harmless horseplay and did not intend to

4

hurt anyone's feelings. He did speak with Summers about what had happened, and Ballard thought the matter was resolved. Ballard was aware of the lawsuit, Summers was requesting a $100,000 judgment, and he had defaulted. Ballard was suspended from PCC for two weeks due to the incidents with Summers, and he never returned to the school as a student.

## DISCUSSION

## I

Summers's first contention on appeal is that the trial court committed reversible error by allowing the District to call Ballard, who was in default on the complaint, as a witness. Summers invokes the rule that "[t]he entry of a default terminates a defendant's rights to take any further affirmative steps in the litigation until either its default is set aside or a default judgment is entered." (*Devlin v. Kearney Mesa AMC/Jeep/Renault* (1984) 155 Cal.App.3d 381, 385.)

While we have no quarrel with the principle relied upon by Summers, it has no application in the procedural posture of this case. Ballard did not take affirmative steps in the litigation to minimize his own liability; to the contrary, he knowingly failed to respond to both Summers's complaint and the District's cross-complaint. Ballard did not testify on his own behalf; he was called as a witness by the District.

We see no reason why Ballard's default prevented him from testifying pursuant to a duly issued subpoena as a percipient witness in the action against the District. He was not an employee or agent of the District. The situation might arguably call for a different result had Ballard's default been an implied admission that the District was liable on any of Summers's theories in the action, but that is not the case. "'It is an established principle of law that admissions implied from the default of one defendant ordinarily are not binding upon a codefendant who, by answering, expressly denies and places in issue the truth of the allegations thus admitted by the absent party.' (See also *J. M. Wildman,*

5

*Inc. v. Stults* [(1959)] 176 Cal.App.2d 670, 674.)" (*Taylor v. Socony Mobil Oil Co.* (1966) 242 Cal.App.2d 832, 834.)

Finally, Summers has not established that any error in allowing Ballard to testify was prejudicial. "Article VI, section 13, of the California Constitution provides that a judgment cannot be set aside '. . . unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.' This fundamental restriction on the power of appellate courts is amplified by Code of Civil Procedure section 475, which states that trial court error is reversible only where it affects '. . . the substantial rights of the parties . . . ,' and the appellant 'sustained and suffered substantial injury, and that a different result would have been probable if such error . . . had not occurred or existed.' Prejudice is not presumed, and the burden is on the appealing party to demonstrate that a miscarriage of justice has occurred. (*Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 853-854; *Dorsic v. Kurtin* (1971) 19 Cal.App.3d 226, 236.)" (*Waller v. TJD, Inc.* (1993) 12 Cal.App.4th 830, 833.)

Here, Ballard's testimony admitted his conduct in relation to Summers, which corroborated portions of Summers's case. The jury was aware of Ballard's default and could consider his default in assessing credibility. Summers's counsel pointed out in argument to the jury that the District's cross-complaint was dismissed against Ballard only after his testimony, suggesting an underhanded scheme to secure his cooperation. Summers's brief makes no attempt to identify specific prejudice flowing from Ballard's testimony. Prejudicial error has not been shown.

## II

Summers's second and final contention is that the trial court committed reversible error when it failed to instruct that it found Ballard liable on the complaint. We summarily reject the contention for the following reasons: (1) the contention is not supported by pertinent authority; (2) no attempt is made in Summers's opening brief to

6

show how any error was prejudicial under the facts of the case; and (3) the jury was instructed on January 12, 2102, but the default judgment in favor of Summers and against Ballard in the amount of $161,721.44 was not entered until March 23, 2012, so it would not have been possible to inform the jury of a finding that had not yet been entered.

Summers argues for the first time in the reply brief that the jury finding that Ballard did not use violence upon him is inconsistent with the trial court's finding in connection with Ballard's default. This is not necessarily correct. The default judgment does not identify on what basis the court awarded damages against Ballard. Summers does not cite to the court's finding that Ballard used violence. The first amended complaint included a cause of action against Ballard for intentional infliction of emotional distress which, based upon our review of the record, appears to be the strongest basis for liability against him. Summers has failed to demonstrate that the jury's finding in favor of the District was inconsistent with that of the court against Ballard.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to the Pasadena Area Community College District.


KRIEGLER, J.


We concur:



TURNER, P. J.



MOSK, J.

7