445 P.2d 91

**AMERICAN NATIONAL RENT–A–CAR, INC., a corporation, Appellant,**

v.

**Merle P. McNALLY, Appellee.**

**No. 1 CA–CIV 716.**

Court of Appeals of Arizona.

Sept. 12, 1968.

Rehearing Denied Oct. 15, 1968.

Review Granted Dec. 3, 1968.

Alvin E. Larson, Phoenix, for appellant.

Leroy W. Hofmann, Phoenix, for appellee.

MOLLOY, Judge.

This appeal results from the ambivalence of stipulations of counsel, and minute entry orders in the trial court, which leave it uncertain whether a factual issue was tried to the court or remains unresolved between the parties to this appeal.

The plaintiff, Merle McNally, was injured in an intersectional collision involving the mail truck he was driving and a car driven by the defendant, Eugene Bowman. Bowman had rented the car he was driving from the defendant-appellant, American National Rent-A-Car (hereinafter Rent-A-Car). Plaintiff subsequently brought this suit against Bowman and Rent-A-Car, and a third defendant who

210

was dismissed from the proceeding and is of no concern to us here.

In his complaint, plaintiff charged the defendant, Bowman, with negligent maintenance and operation of the car rented and driven by him, but liability on the part of Rent-A-Car was charged only in the following allegations:

"On or about the 24th day of August, 1963, the defendant, American National Rent-A-Car, Inc., unlawfully, wantonly, recklessly, carelessly and negligently furnished, rented, leased and bailed to the defendant, Eugene W. Bowman, said Volkswagon automobile. At all times mentioned herein said defendant, American National Rent-A-Car, Inc., knew or should have known the defendant, Eugene W. Bowman, was wholly and totally incompetent and incapable of operating a motor vehicle."

In its answer to plaintiff's complaint, Rent-A-Car denied the foregoing allegations and asserted various affirmative defenses. It also asserted a counterclaim against plaintiff for property damage to its automobile caused by plaintiff's negligence, and a cross-claim against its co-defendant Bowman alleging Bowman's primary liability for any damages recoverable by plaintiff and for the property damage sustained by Rent-A-Car if Bowman should be found negligent.

Thereafter, plaintiff and Rent-A-Car exchanged lengthy sets of interrogatories. Nothing contained therein, nor in a set of requests for admissions served by plaintiff on Rent-A-Car, suggested that plaintiff was asserting any expanded or alternative basis of liability on the part of Rent-A-Car beyond that alleged in the complaint.

Plaintiff next filed a motion to set and certificate of readiness pursuant to Rule V of the Uniform Rules of Practice of the Superior Court, which stated as required by the rule that "The issues in the above captioned case have actually been joined."

The cause was duly noticed for pretrial conference. Just prior to the pretrial, plaintiff entered a default against the defendant Bowman after Bowman's answer was stricken for failure to appear for the taking of his deposition.

Both plaintiff and Rent-A-Car filed pretrial memoranda with the court. Plaintiff's memorandum reads, in part, as follows:

"1. *STATEMENT OF POSITION:*

\* \* \* \* \* \*

"Plaintiff contends that pursuant to the provisions of § 28-324, A.R.S., defendant, American National Rent-A-Car, is equally liable with the defendant, Eugene Bowman, for any injuries or damages caused by his negligence.

\* \* \* \* \* \*

"4. No amendments to the pleadings are proposed."

Rent-A-Car's pretrial memorandum contains the following statement of position:

"1. The defendant's position is that as owner of the automobile driven by defendant, EUGENE W. BOWMAN, it is not liable because the driver was not operating it as the agent, servant, or employee of this defendant; it is further defendants' position that none of its agents, servants, or employees were negligent in renting the automobile to the driver; and that this defendant was not negligent in any manner; further, that pursuant to agreement, defendant Bowman is liable to this defendant for any judgment that may be rendered against it."

The judge who presided at the pretrial conference did not prepare and enter a pretrial order as contemplated by Rule VI, Uniform Rules of Practice of the Superior Court, 17 A.R.S. The only reference to a pretrial order in the court's minute entry is the statement, "IT IS ORDERED dispensing with pretrial order." The minute entry then goes on to state:

"IT IS FURTHER ORDERED *setting this cause for trial* to the Court on Friday, May 20, 1966 at 2:00 P.M., in a division to be designated by the Court Administrator. Estimated time of trial

two (2) hours. Probability of settlement 80%.

"Plaintiff and defendant American National Rent-A-Car, Inc., *have stipulated that the issue of liability of that defendant will be presented to the Court by briefs after the trial date.*

"IT IS ORDERED defendant-crossclaimant American National Rent-A-Car, Inc., may take whatever procedures are necessary to pursue its crossclaim.

"The record may show a default hearing as to the crossclaim will be held after the trial of the main complaint." (Emphasis ours)

No reference was made to Rent-A-Car's counterclaim against plaintiff.

After the pretrial conference, there were periodic orders setting and resetting trial dates. Rent-A-Car, in the meantime, entered the default of its codefendant Bowman on the cross-claim alleged by Rent-A-Car. About a year after the pretrial conference, there was a trial before a judge other than the one who had presided at the pretrial. The minute entry relating to the trial recites in part:

"1:55 P.M. This cause comes on for trial at this time on stipulation of counsel, *as though by Default.* Pltf. Merle P. McNally is present with counsel. Deft. American National Rent-A-Car, Inc., is represented by Alvin Larson." (Emphasis ours)

The only witness at the brief hearing was the plaintiff. While nearly all of the testimony given by the plaintiff relates to the question of his injuries and damages, there is some little testimony which could be said to establish negligence on the part of the defaulted defendant Bowman. Cross-examination by Rent-A-Car's counsel was confined to matters relating to damages.

Following this "trial," the trial judge entered judgment for plaintiff and against the defendant Bowman. Plaintiff subsequently moved for "summary judgment" against Rent-A-Car. The motion in substance was based entirely upon A.R.S. §

28–324, which provides in its subsections A and B:

"A. No owner engaged in the business of renting * * * a motor vehicle without a driver, shall be permitted to register the motor vehicle until he has procured public liability insurance with an insurance company approved by the insurance department of this state insuring the renter thereof against liability arising from his negligence in the operation of the rented vehicle * * *.

"B. The owner of a motor vehicle who rents it to another without a driver, otherwise than as a bona fide transaction involving sale of the vehicle, without having procured the required public liability insurance, *shall be jointly and severally liable with the renter for damage caused by the negligence of the renter operating the motor vehicle.*" (Emphasis ours)

Rent-A-Car objected to plaintiff's motion for summary judgment on several grounds, including: (1) that there was no allegation in plaintiff's complaint charging Rent-A-Car with liability under the terms of § 28–324; (2) that there was no determination of negligence on the part of Bowman which was binding upon Rent-A-Car so as to impose liability upon Rent-A-Car under the statute; and (3) that there was no showing by plaintiff that Rent-A-Car had failed to procure the insurance coverage required by statute.

Plaintiff then presented to the court affidavits tending to show that Rent-A-Car had failed to procure the requisite insurance coverage on the car driven by Bowman, thus meeting the last-stated objection put forward by Rent-A-Car. On that showing, the trial judge entered a summary judgment for plaintiff and against Rent-A-Car, in accordance with plaintiff's motion. Rent-A-Car brings this appeal, urging, in essence, the first two grounds of its objections to plaintiff's motion for summary judgment as stated in the preceding paragraph.

Since there was no evidence presented at the trial bearing upon plaintiff's allegations of Rent-A-Car's own negligence in renting its car to Bowman, it is clear that the judgment against Rent-A-Car must be sustained, if it is to be sustained at all, on the basis of the latter's statutory liability under § 28–324. Under that statute, liability may be imposed upon Rent-A-Car only if Bowman was guilty of negligence which resulted in plaintiff's injuries. We think it plain that Rent-A-Car was entitled to its day in court on the issue of Bowman's negligence, and we cannot say, on the basis of the record which is before us, either that it has had its day or that it has in some manner waived or foregone its right to a trial of the issue. We accordingly think that the summary judgment against Rent-A-Car must be reversed.

It is true that our modern pleading requires only that a pleader make "A short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) (2), Rules of Civil Procedure, 16 A.R.S. It is likewise true that failure to make reference to a statute in a pleading is not fatal to a claim asserted under such a statute. Mercer v. Vinson, 85 Ariz. 280, 288, 336 P.2d 854, 860 (1959).

Here, however, plaintiff charged Rent-A-Car with specific acts of negligence on its own part as the only alleged basis of its liability to plaintiff. There was no allegation of plaintiff's right to recover from Rent-A-Car by reason of Bowman's negligence. Plaintiff's requests for admissions directed to Rent-A-Car indicated plaintiff's continuing reliance upon the alleged negligent furnishing of the car by Rent-A-Car to Bowman as the sole basis of his claim against Rent-A-Car. Plaintiff stated in his certificate of readiness that issues in the case had "actually been joined" well prior to the filing of his pretrial memorandum where the first reference to § 28–324 appears. Our Supreme Court has said: "A party pleading negligence specifically, is limited to the grounds specifically pleaded." Daugherty v. Montgomery Ward, 102 Ariz. 267, 269, 428 P.2d 419, 421 (1967); and see Hall v. Delvat, 95 Ariz. 286, 389 P.2d 692 (1964). Plaintiff's pretrial memorandum could serve to give Rent-A-Car notice of plaintiff's intention to assert, by properly amended pleadings, an alternative theory of recovery, but it was not of itself a pleading. Rule 7(a) (as amended), Rules of Civil Procedure, 16 A.R.S. If there had been a proper pretrial order incorporating this new attack, the vistas of this lawsuit would have been broadened, Lewis v. Siria, 4 Ariz.App. 484, 488–489, 421 P.2d 917, 921–922 (1966), but there was no such order.

In the absence of a proper pretrial order, minutes entered with respect to the pretrial may be binding as a formal order. Peart v. Superior Court, 6 Ariz. App. 6, 429 P.2d 498 (1967). Standing alone, the pretrial minute entry in this case would allow an inference that there was an agreement by the parties that all factual matters bearing upon Rent-A-Car's liability were to be presented to the court at the forthcoming trial so that the court could thereafter rule upon Rent-A-Car's liability as a matter of law. But any such inference is countered by the trial minute entry, which recited that the cause came on for hearing " * * * as though by Default."

In a hearing to determine damages on default, the issue of Bowman's negligence was not before the court. Bowman's default constituted a judicial admission of his liability and plaintiff's right to recover. Postal Ben. Ins. Co. v. Johnson, 64 Ariz. 25, 165 P.2d 173 (1946).

Whatever ambiguity there may be in this record is resolved by the conduct of plaintiff's counsel. Plaintiff failed to present at the default hearing any evidence bearing upon Rent-A-Car's alleged negligence in renting this car, or relating to Rent-A-Car's non-compliance with § 28–324. After the default judgment against Bowman, the plaintiff moved for a "sum-

mary judgment" against Rent-A-Car, a procedure available only prior to a trial on the factual issues. Rule 56, Rules of Civil Procedure, 16 A.R.S. From this record, we can only conclude that court and counsel reached a tacit agreement at the pretrial conference to sever and try the issue of damages only at the hearing of April 27, 1967. See Rule 42(b) (as amended), Rules of Civil Procedure, 16 A.R.S.

 The default against Bowman is in no way binding upon Rent-A-Car. Generally, admissions implied from the default of one defendant are not binding upon a codefendant who answers and places in issue the truth of the allegations admitted by the absent party. Taylor v. Socony Mobil Oil Co., 242 Cal.App.2d 832, 51 Cal. Rptr. 764 (1966); Fawkes v. National Refining Co., 341 Mo. 630, 108 S.W.2d 7 (1937). See also Restatement of Judgments § 94; and compare Holland v. Kodimer, 11 Cal.2d 40, 77 P.2d 843 (1938). Even if Bowman were the servant of Rent-A-Car, acting within the scope of his employment, there would ordinarily be no estoppel imposed upon Rent-A-Car by this judgment. Restatement of Judgments § 96 (see Comment d, Illustration 2). Compare Restatement of Judgments § 99.

 We feel compelled to note that proper inquiry at the pretrial conference and a proper pretrial order setting forth the issues to be litigated would probably have made this appeal unnecessary. When a pretrial is held, existing rules require entry of a pretrial order, Rule VI(c) (as amended), Uniform Rules of Practice of the Superior Court, 17 A.R.S., which may be dispensed with only for good reason. See, e. g., Long v. Arizona Portland Cement Company, 2 Ariz.App. 332, 408 P.2d 852 (1965).

Reversed and remanded.

HATHAWAY, C. J., and KRUCKER, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.