451 P.2d 882

**AMERICAN NATIONAL RENT–A–CAR, INC., a corporation, Appellant,**

v.

**Merle P. McNALLY, Appellee.**

**No. 9457–PR.**

Supreme Court of Arizona, In Banc.

March 14, 1969.

Alvin E. Larson, Phoenix, for appellant.

Leroy W. Hofmann, Phoenix, for appellee.

HAYS, Justice.

The appellee, Merle McNally, filed a complaint for damages allegedly sustained as a result of an automobile accident involving a postal truck he was driving and a car driven by Bowman, one of the defendants. Another defendant named was American National Rent-a-Car, Inc., hereinafter designated as appellant. The complaint as to the appellant, alleged that they were negligent in furnishing or renting an automobile to Bowman, as they knew or should have known that he was totally incompetent and incapable of operating a motor vehicle.

Thereafter, the appellant filed an answer, counterclaim, and cross-complaint, and the defendant Bowman filed his answer. Appropriate responsive pleadings to the counterclaim and cross-claim were filed, and discovery by way of written interrogatories was pursued. Ultimately, a motion to set and certificate of readiness was filed by appellee.

The taking of the oral deposition of the defendant Bowman by appellee was properly noticed and he failed to appear. Thereafter, the default of the defendant Bowman was entered and his attorney filed a letter indicating his withdrawal from the case. Prior to the attorney's letter of withdrawal, a notice of pre-trial had been sent out by the clerk.

The appellant and the appellee both filed pre-trial memoranda, and it was here for the first time that the appellee urged liability under the provisions of A.R.S. § 28–324.

The minute entry of the pre-trial conference held on April 21, 1966 is as follows:

"4:30 p. m. Pretrial conference held this date. Respective counsel are present; O. P. Lund, who represents defendant Bowman, is not present.

FILED: Plaintiff's Pretrial Memorandum

FILED: Pretrial Memorandum of defendant American National Rent-a-Car, Inc..

IT IS ORDERED dispensing with pre-trial order.

IT IS FURTHER ORDERED setting this cause for trial to the Court on Friday, May 20, 1966 at 2:00 p. m., in a division to be designated by the Court Administrator. Estimated time of trial two (2) hours. Probability of settlement 80%.

Plaintiff and defendant American National Rent-a-Car, Inc., have stipulated that the issue of liability of that defendant will be presented to the Court by briefs after the trial date.

IT IS ORDERED defendant-crossclaimant American National Rent-A-Car, Inc., may take whatever procedures are necessary to pursue its cross-claim.

The record may show a default hearing as to the cross-claim will be held after the trial of the main complaint."

The appellant noticed the oral deposition of the defendant Bowman, and after his failure to appear, secured an order striking his answer to the cross-claim and entering his default.

Thereafter, the matter came on for trial "on stipulation of counsel as though by default" (Minute entries of Record on Appeal p. 11). The appellant and the appellee were the only parties appearing by counsel at the trial. Brief testimony was taken from the appellee which was principally concerned with the aspect of damages. A reading of the Reporter's transcript of the trial leaves some doubt as to whether specific negligence of the defendant Bowman was proven, and nothing was presented concerning the appellant. The appellant offered no evidence. Thereafter, the court ordered that the appellee have judgment against defendant Bowman in the sum of $4,500.00 plus costs.

The appellee then filed a motion for summary judgment against appellant, asserting that appellant was liable by reason of A.R.S. § 28–324. After memoranda was filed and the court heard oral argument, the motion for summary judgment was granted.

The appellant thereafter appealed to the Court of Appeals, asserting first that summary judgment based on A.R.S. § 28–324 cannot be granted against the owner of a motor vehicle solely on the basis of a default against the renter; and second that summary judgment cannot be granted against a defendant on a theory and set of facts different from that alleged in the complaint. After decision by the Court of Appeals, we granted the appellee's petition for review.

The stipulations of counsel, and the minute entries of the court leave much to be desired in arriving at a determination of what counsel and the court intended. The failure of the court to make the pretrial order required by Rule VI, Uniform Rules of Practice of the Superior Court, 17 A.R.S., added to the confusion.

The pre-trial hearing was conducted by a judge other than the one who presided

at the trial and granted the motion for summary judgment.

Addressing ourselves to the first point raised by appellant, we must look at the pertinent statute, A.R.S. § 28–324 which reads as follows:

"A. No owner engaged in the business of renting, or who intends to rent, a motor vehicle without a driver, shall be permitted to register the motor vehicle until he has procured public liability insurance with an insurance company approved by the insurance department of this state insuring the renter thereof against liability arising from his negligence in the operation of the rented vehicle in an amount of not less than five thousand dollars for any one person injured or killed and ten thousand dollars for any number more than one injured or killed in any one accident, and against the liability of the renter for property damage in the amount of not less than one thousand dollars for any one accident, or until the owner has furnished the division satisfactory proof of his ability to respond in damages in the amount of ten thousand dollars when but one motor vehicle is registered, and five thousand dollars for each additional motor vehicle. Proof of ability to respond in damages in the amount of one hundred thousand dollars shall be sufficient for any number of motor vehicles. The policy of insurance required by this subsection shall cover any liability of the renter to any passenger in the rented motor vehicle unless the owner gives the renter a written notice that the policy does not cover such liability. The division shall cancel the registration of a motor vehicle rented without a driver when the owner has failed to comply with this section.

B. The owner of a motor vehicle who rents it to another without a driver, otherwise than as a bona fide transaction involving sale of the vehicle, without having procured the required public liability insurance, shall be jointly and severally liable with the renter for damage caused by the negligence of the renter operating the motor vehicle.

C. "Renter" as used in this section includes any person operating a motor vehicle with permission of the person who has rented it.

D. The owner of a motor vehicle, who, without having first complied with this section, rents a motor vehicle without a driver, otherwise than as a bona fide transaction involving the sale of the motor vehicle, is guilty of a misdemeanor."

■ If the appellant, as owner of the motor vehicle, in accordance with the provisions of A.R.S. § 28–324, supra, had procured the insurance required by the statute, and a default judgment had been rendered against the defendant as renter of the motor vehicle, under the circumstances of this case we would have held the insurance company liable. Sandoval v. Chenoweth, 102 Ariz. 241, 428 P.2d 98 (1967); Carpenter v. Superior Court In and For Maricopa County, 101 Ariz. 565, 422 P.2d 129 (1966). It seems inappropriate for us to impose any less burden against an owner who has failed to comply with the statute.

On appellant's second point we recognize that nowhere do the pleadings appropriately reflect the theory upon which the appellee secured his summary judgment against the appellant. The first time it was mentioned was in a pre-trial memorandum. An attempt was never made to amend the complaint, nor is there a pre-trial order in which the theory is made an issue in the litigation at this stage of the proceedings.

In Mercer v. Vinson, 85 Ariz. 280, 336 P. 2d 854 (1959), a case wherein the complaint did not allege a violation of the Gas Appliance Act, we said at p. 288, 336 P.2d at page 860:

"We think it a sufficient answer to say that public statutes need not be pleaded or offered in evidence since courts will take judicial notice thereof. Inspiration

Consol. Copper Co. v. Bryan, 31 Ariz. 302, 252 P. 1012; and see 41 Am.Jur. 294, Pleading, § 11."

We said in Rodriquez v. Williams & Navajo Freight, 104 Ariz. 280, 451 P.2d 609 (March 13, 1969):

"We have frequently held that we prefer to determine cases on their merits rather than on points of procedure. Colboch v. Aviation Credit Corp., 64 Ariz. 88, 166 P. 2d 584. We have also held that we look to substance rather than to form. Goodman v. State, 96 Ariz. 139, 393 P.2d 148."

The appellant had full opportunity, by brief and by oral argument, to meet the issues of this case in the summary judgment proceedings in the trial court. No useful purpose would be served by requiring the appellee to go back and amend his complaint to include the A.R.S. § 28–324 issue.

In view of the foregoing, we hold that the action of the trial court in granting summary judgment must be affirmed. Ordered that the decision of the Court of Appeals be vacated.

UDALL, C. J., LOCKWOOD, V. C. J. and STRUCKMEYER and McFARLAND, JJ., concur.