650 P.2d 1256

**Geneva MOSLEY, a divorced woman, Plaintiff-Appellee,**

v.

**TRANS RENT–A–CAR, INC., a California corporation, Defendant-Appellant.**

**No. 1 CA–CIV 5489.**

Court of Appeals of Arizona, Division 1, Department A.

June 24, 1982.

Rehearing Denied Aug. 3, 1982.

Review Denied Sept. 16, 1982.

Kleinman, Carroll & Kleinman by Roger A. Burrell, Phoenix, for plaintiff-appellee.

---

Danny W. Montgomery, Tucson, for defendant-appellant.

## OPINION

FROEB, Judge.

This case involves the application of A.R.S. § 28–324 upon the liability of the owner of a rental car for the negligence of the renter. The opinion focuses specifically upon the meaning of the portion of A.R.S. § 28–324(B) which makes the rental car owner "jointly and severally" liable with the renter for damages caused by the negligence of the renter. We also deal with the procedure by which such liability was established in the present case.

Glen Jackson (Jackson) rented a car from Trans Rent-A-Car, Inc. (Trans Rent) and on February 28, 1978, collided with a car driven by Geneva Mosley (Mosley). Two separate lawsuits were thereafter to follow. On June 12, 1978, Mosley filed a complaint against Jackson for damages arising out of negligence. Trans Rent was not named as a party defendant. Jackson did not respond and his default was taken. On March 8, 1979, a default judgment was entered in favor of Mosley against Jackson in the amount of $15,000, plus costs.

The second lawsuit gives rise to the present appeal. In this suit, Mosley sued Trans Rent for damages arising out of the accident described earlier, basing her case upon the negligence of Jackson, the renter, and the legal effect of A.R.S. § 28–324(B). During the proceedings, Mosley was granted summary judgment for $15,000, plus costs, against Trans Rent.

By reason of A.R.S. § 28–324(A), Trans Rent was required to carry liability insurance to insure the renter against liability arising from negligence in the operation of the rental car or, in the alternative, to furnish the Motor Vehicle Division of the Arizona Highway Department satisfactory proof of its ability to respond in damages. Trans Rent did not carry liability insurance but satisfied the requirements for the statutory alternative. A.R.S. § 28–324(B) provides as follows:

The owner of a motor vehicle who rents it to another without a driver, otherwise than as a bona fide transaction involving sale of the vehicle, without having procured the required public liability insurance, shall be jointly and severally liable with the renter for damages caused by the negligence of the renter operating the motor vehicle.

Trans Rent argues that the trial court erred in granting summary judgment against it based solely upon the prior judgment against Jackson. It acknowledges that A.R.S. § 28–324(B) provides for joint and several liability with the negligent driver, but it contends that it is entitled to defend against the asserted negligence in a suit in which it is named as a defendant. Trans Rent argues that the judgment against the driver Jackson in the prior case to which it was not a party is not conclusive as to any liability it may have based upon A.R.S. § 28–324(B). Mosley responds that (1) Trans Rent received a notice of the earlier suit and is estopped to deny it had an opportunity to defend, and (2) Trans Rent is bound by the earlier judgment because it is an insurer and an insurer need not be named a defendant in an action in order to be responsible for paying the judgment. We find Trans Rent is correct.

We address first the basic question of whether Trans Rent can be bound to the first judgment in which it is not a party. Preliminarily we note that if Trans Rent had been covered by insurance, the insurance company would have to pay a judgment taken against the renter. *See Sandoval v. Chenoweth,* 102 Ariz. 241, 428 P.2d 98 (1967). However, Trans Rent would not necessarily be liable as the bailor of the car unless it negligently entrusted it to the renter. By choosing the statutory alternate to obtaining insurance, Trans Rent became liable "jointly and severally" for the negligence of the renter. A.R.S. § 28–324(B). Thus, the absence of liability insurance imposes upon Trans Rent a liability it may not have had with liability insurance. It is incorrect for Mosley to argue that A.R.S. § 28–324(B) makes Trans Rent "an insur-

er." The statute makes Trans Rent directly liable for the negligence of the renter.

Persons who are jointly and severally liable to another may be sued jointly or separately in satisfaction of the claim. A.R.S. § 44–141. A judgment against one does not terminate the claim against the other or others. A.R.S. § 44–141. *Restatement, Second, Judgments,* § 49. However, a person who is not a party to an action is not bound by the rules of res judicata (with certain exceptions not here applicable). *Restatement, Second, Judgments,* § 34(3). Therefore, in the present case, Mosley may not use the judgment offensively to impose liability upon Trans Rent. Mosley still has a claim against Trans Rent, but it must be established in the trial court, as with any other claim, in order to reduce it to judgment.

In support of the summary judgment, Mosley relies upon *American National Rent-A-Car v. McNally,* 104 Ariz. 301, 451 P.2d 882 (1969). That case involved similar facts but different court proceedings. In *McNally,* the rental car driven by Bowman collided with the truck driven by McNally. McNally brought suit for damages against both Bowman and the rental car company, American National Rent-A-Car. The claim against Bowman was for negligent driving. The claim against American National was for negligent entrustment of the rental car to Bowman. During the proceedings, Bowman failed to appear for a deposition and his answer was stricken, followed by an entry of default judgment against him. McNally moved for and was granted judgment against American National on the basis of A.R.S. § 28–324. American National appealed on two grounds: (1) that the judgment by default against Bowman did not alone justify entry of judgment against American National on the basis of A.R.S. § 28–324 and (2) the judgment against American National could not be justified on a different theory and set of facts from those alleged in McNally's complaint. The Arizona Supreme Court rejected both contentions and affirmed the judgment against American National.

The important difference between this case and *McNally* is that here the car rental company was never made a party to the suit whereas it was a party in *McNally.* By reason of the trial court proceedings which occurred in *McNally,* the rental car company was in a position to contest the negligence of the renter but did not do so. The record in that case justified summary judgment imposition of liability against the rental car company on the ground that it was jointly and severally liable under A.R.S. § 28–324(B).

Finally, the remaining issue is the assertion by Mosley that Trans Rent received notice of the claim by way of a copy of correspondence addressed to a third party and should therefore be bound by the judgment resulting in the suit against Jackson. Apart from the fact that there is no sufficient showing in the record of such notice, it would not, even if shown, subject Trans Rent to liability in a case to which it was not named and served as a party defendant.

For the reasons stated, the summary judgment is reversed and the case remanded to the trial court for further proceedings.

OGG, P. J., and CORCORAN, J., concur.