655 P.2d 29

Jim Ray CLUGSTON, Plaintiff-Appellee,

v.

Elizabeth A. MOORE,
Defendant-Appellant.

No. 1 CA–CIV 5739.

Court of Appeals of Arizona,
Division 1, Department D.

Nov. 26, 1982.

Skousen, McLaws & Skousen, P.C. by John Larry McLaws, Mesa, for plaintiff-appellee.

Robin W. Allen, Mesa, for defendant-appellant.

## OPINION

EUBANK, Judge.

The issue raised by this appeal is whether a defendant, who has done nothing that would cause a default judgment to be entered against her, may have summary judgment entered against her based solely on the default judgment entered against a codefendant. We conclude that the trial court erred in entering the summary judgment against appellant and we reverse and remand the case to the trial court.

The procedural history of this case is as follows. Plaintiff-Appellee Jim Ray Clugston filed suit against defendant Martin Joseph Burke to specifically enforce an oral agreement requiring Burke to transfer title of a mobile home and Lot 15, Cherokee Mobile Estates, real property, to Clugston and to quiet title to the realty in him. Burke answered denying that the parties' oral agreement involved the real property and denying that conditions precedent had occurred which would entitle Clugston to transfer of title to the mobile home. Burke counterclaimed for damages caused by Clugston's breach of certain duties under the oral agreement. Burke also revealed by his answer that he had transferred his interest in the property to Elizabeth A. Moore. Thereafter Moore was found to be an indispensable party to the litigation and was joined as a party defendant and is the appellant here.

After Clugston had filed an amended complaint, Moore filed an answer declaring herself to be the owner of the mobile home and real estate and alleged that Clugston was a mere tenant who was in default under a tenancy agreement. Moore asserted the statute of frauds as a defense to the oral agreement, and counterclaimed to quiet title to the property in herself, to remove Clugston from the premises, and to obtain damages from Clugston.

Depositions of Clugston, Moore and a nonparty, Wayne J. McDonald, were noticed and taken. Defendant Burke's deposition was also noticed, however, he failed to appear. Clugston, then, filed a motion for sanctions asking that Burke's answer be stricken due to his failure to appear for the deposition. Burke's attorney filed a response, calling to the court's attention that Burke was no longer in Arizona, no longer had an interest in the property, and asked the court to deny sanctions. The motion was heard by Judge Roger G. Strand who ordered Burke to appear for his deposition by a date certain or have his answer stricken and default entered against him. When Burke failed to appear for the deposition pursuant to the court's order, Judge Strand ruled that:

IT IS ORDERED Striking the Answer of the defendant, Martin Joseph Burke, and entering the default of said party. This matter as to defendant Burke to proceed hereafter in the nature of a default.

The hearing to enter default judgment was held before Judge Cecil B. Patterson, Jr., who entered default judgment against Burke. The judgment quieted title to the mobile home and real property in Clugston and then stated in pertinent part:

IT IS FURTHER ORDERED that the defendant MARTIN JOSEPH BURKE, also known as MARTIN JOSEPH, and all persons claiming under, by or through him, be, and they are hereby declared to have no estate, right, title, lien or interest in or to the afore-described real or personal property, or any part thereof.

Moore objected repeatedly in the trial court to the inclusion of this language in the default judgment against Burke, arguing that the language wrongfully appeared to affect her rights as a defendant who had appeared and answered separately in the matter, who had done nothing which would cause default to be entered against her, but who had acquired her title to the property in question from Burke. Despite Moore's objections, the language referred to above remained a part of the default judgment against Burke.

Thereafter Clugston sought summary judgment against Moore. Clugston's motion recited that Moore had received her interest in the mobile home and trailer from Burke and therefore that her interest in the property is claimed "under, by or through" Burke. Since the default entered against Burke cut off the rights of "all persons claiming under, by or through" Burke, Clugston argued that the motion for summary judgment against Moore should be granted. Moore argued as she had previously that the default against Burke could not be used to keep her from presenting her claims and defenses. The trial court granted the summary judgment against Moore and at the same time granted Clugston's request for attorney's fees against Moore. Moore has appealed from the judgment against her.

■ Rule 55, Rules of Civil Procedure, 16 A.R.S., provides for default to be entered and a default judgment to be taken against a party who has failed to plead or otherwise defend as provided by the rules. Rule 37(b)(2) allows judgment by default to be taken against a party who fails to obey a court order permitting discovery. When Burke failed to obey the trial court's order requiring him to have his deposition taken, default judgment was properly taken against him.

■ A default is treated as an admission, by the defaulting party, of the truth of all well pleaded facts in the case. *Southern Arizona School for Boys, Inc. v. Chery,* 119 Ariz. 277, 580 P.2d 738 (1978); *Postal Benefit Insurance Co. v. Johnson,* 64 Ariz. 25, 165

P.2d 173 (1946). The question presented to us by this appeal is what the effect of Burke's admissions, implied from the default, are upon appellant Moore who had not defaulted and who had expressly denied and placed in issue the truth of the allegations deemed admitted by the defaulting party.

In *American National Rent-A-Car, Inc. v. McNally,* 8 Ariz.App. 208, 445 P.2d 91 (1968), *vacated* at 104 Ariz. 301, 451 P.2d 882 (1969), this court set forth the general rule that a default against one defendant is not binding on another:

> Generally, admissions implied from the default of one defendant are not binding upon a codefendant who answers and places in issue the truth of the allegations admitted by the absent party.

8 Ariz.App. at 213, 445 P.2d at 96. Although the Arizona Supreme Court vacated the decision of our Court and held the admissions of the defendant who rented a vehicle binding against the defendant who owned the vehicle, it did so on the specific basis that the statute involved made the owners, engaged in the business of renting vehicles, liable for the negligence of the renters operating their vehicles if the owners had not acquired liability insurance. We do not find our Supreme Court's decision to be a rejection of the general rule enunciated in the decision of the Court of Appeals.[1] This general rule, that the default of one defendant, acting as an admission by him of the allegations of the petition, does not operate as an admission of the allegations by a defendant who is contesting the allegations, is frequently cited in case law. *See, e.g., Taylor v. Socony Mobil Oil Co.,* 242 Cal.App.2d 832, 51 Cal. Rptr. 764 (1966); *Miller v. Keegan,* 92 Cal. App.2d 846, 207 P.2d 1073 (1949); *Fawkes v. National Refining Co.,* 341 Mo. 630, 108 S.W.2d 7 (1937). *See* 6 *Moore's Federal Practice,* Paragraph 55.06; Wright & Miller, *Federal Practice and Procedure:* Civil § 2690.

We find no reason within the facts of this case to hold that the admissions made by Burke through his default were binding against Moore so as to preclude Moore from defending against the allegations in Clugston's complaint. The Restatement (Second) of Judgments, §§ 43, 44 (1980), makes it clear that whereas a judgment determining interests in real or personal property has preclusive effect upon a person who succeeds to the interest of a party to the action, the rule has no application to a successor who acquired her interest before the action was commenced concerning the property. *Id.,* comment f. to § 44. The record indicates that Moore's claimed interest in the lot and mobile home pre-date the suit filed by Clugston concerning the property. Had a judgment been entered against Burke following trial involving the title to the property in a suit in which Moore was not joined as a party, Moore would certainly not have been precluded from relitigating the question of her title to the property. *Cf. Di Orio v. City of Scottsdale,* 2 Ariz.App. 329, 408 P.2d 849 (1965). Therefore, in a suit in which she is joined as a party she should have no less a right to litigate the question of her title after the default of her codefendant.

In *Frow v. De La Vega,* 15 Wall. (82 U.S.) 552, 21 L.Ed. 60 (1872), a default entered against one defendant did not prevent the other defendants from litigating the matters admitted by the defaulting defendant. The United States Supreme Court held that a final decree on the merits could not be entered against a defaulting defendant until the case was fully adjudicated as to the other defendants. In *Frow,* a conspiracy by Frow and others to defraud the plaintiff of title to a tract of land was alleged. Frow failed to appear and default judgment was entered against him. The answering defendants eventually prevailed on the merits

---

1. In *Mosley v. Trans Rent-A-Car, Inc.,* 133 Ariz. 274, 650 P.2d 1256 (1982) we discussed the Arizona Supreme Court's decision in *American National Rent-A-Car v. McNally.* We pointed out in that case that the rental car company had been in a position to contest the negligence of the renter but did not do so. In the present case, Moore was not given the opportunity to contest the matters deemed admitted by her co-defendant.

and cleared title to the land in question. The court in *Frow* stated that:

> [I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike— the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

15 Wall. (82 U.S.) at 554.

In *In Re Uranium Antitrust Litigation,* 617 F.2d 1248, 1257 (7th Cir.1980), the impact of Rule 54(b) of the Federal Rules of Civil Procedure[2] on the *Frow* case was discussed. The court of appeals for the seventh circuit concluded that although Rule 54(b) would permit final judgment against a defendant to be entered in some instances where fewer than all the claims had been litigated, that the *Frow* case remains good law to the extent that it holds there cannot be an inconsistent adjudication as to a single res in controversy.

For the reasons stated herein we conclude that the default judgment entered against defendant Burke cannot be used as the basis for entering summary judgment against defendant-appellant Moore. Moore is entitled to her own day in court on the issues raised in Clugston's complaint and on the defenses she has asserted in her answer.

Additionally, appellant Moore argues on appeal that a motion for summary judgment she filed in the case should have been granted. Soon after filing her answer, Moore filed a motion for summary judgment urging that Clugston's claims based on an oral agreement were barred by the statute of frauds, A.R.S. § 44–101. Clugston responded that part performance took the case out of the statute of frauds. The court denied Moore's motion for summary judgment finding that material questions of fact existed with respect to the issues raised in the case.

 We take no position on the merits of Moore's motion for summary judgment. The denial of a motion for summary judgment is not an appealable order. *Grain Dealers Mutual Insurance Company v. James,* 118 Ariz. 116, 575 P.2d 315 (1978); *Fernandez v. Garza,* 93 Ariz. 318, 380 P.2d 778 (1963).

For the reasons stated above, the summary judgment against the appellant Moore is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.

HAIRE, P.J., and MEYERSON, J., concur.

---

**2.** Arizona Rule 54(b), Rules of Civil Procedure, 16 A.R.S. is the same as the Federal Rule.