NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

GREGORY BEST, *Plaintiff/Appellant*,

*v.*

MARIA CEJA, *Defendant/Appellee*.

No. 1 CA-CV 18-0604
FILED 9-10-2019

Appeal from the Superior Court in Maricopa County
No. CV2016-015284
The Honorable David B. Gass
The Honorable Christopher A. Coury, Judge

**AFFIRMED**

COUNSEL

Gregory Best, Phoenix
*Plaintiff/Appellant*

Ramras Legal PLC, Phoenix
By Ari Ramras
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which
Presiding Judge Samuel A. Thumma and Judge Jennifer M. Perkins joined.

**M c M U R D I E**, Judge:

¶1          Gregory Best appeals the dismissal of his claims against Maria Ceja. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2          In 2004, Best entered into a contract with Manny and Leticia Garcia to purchase their home. *See Best v. Garcia*, 1 CA-CV 13-0271, 2014 WL 2599921, at *1, ¶ 2 (Ariz. App. June 10, 2014) (mem. decision). In 2005, in Maricopa County Superior Court cause number CV2005-093565 (the "2005 Lawsuit") Best sued the Garcias claiming they refused to close the sale. *See id.* After the Garcias failed to appear at both a pretrial conference and damages hearing, the superior court entered a default judgment directing specific performance of the sale. *Id.* at *1, ¶¶ 4-5.

¶3          The Garcias, however, had already conveyed the home to Residential Property Investment and Management LLC ("Residential Property") making specific performance impossible. *See Best,* 2014 WL 2599921, at *1, ¶ 6. In 2013, Residential Property sold the home to Ceja, the appellee here.

¶4          After Best realized that specific performance was impossible, he moved to set aside the judgment in the 2005 Lawsuit under Arizona Rule of Civil Procedure ("Rule") 60. *See Best,* 2014 WL 2599921, at *1, ¶ 6. The superior court denied his motion. *Id.* Best appealed the denial of his Rule 60 motion and two subsequent rulings to this court. *See id.*; *Best v. Garcia*, 2 CA-CV 2016-0106, 2017 WL 944187 (Ariz. App. Mar. 10, 2017) (mem. decision); *Best v. Garcia*, 1 CA-CV 13-0110 (Ariz. App. May 17, 2013) (ordering dismissal of appeal for lack of jurisdiction).

¶5          Dissatisfied with the result of the 2005 Lawsuit and the related appeals, Best filed a new lawsuit in Maricopa County Superior Court cause number CV2014-013394 (the "2014 Lawsuit") against the Garcias, Residential Property, Ceja, and various others, asserting contract and tort claims. *See Best v. Residential Prop. Inv. & Mgmt. LLC*, 2 CA-CV 2017-0128, 2018 WL 2068300, at *1, ¶ 1 (Ariz. App. May 3, 2018) (mem. decision). Although Best obtained a default judgment against the Garcias, the superior court entered summary judgment in favor of Ceja and awarded Ceja her attorney's fees. *Id.* at *1-2, ¶¶ 6, 8, 10. The court reasoned that by the time the sale took place to Ceja, any possible wrong had already taken place and Ceja took the real property as a bona fide purchaser.

**¶6**         Best moved to set aside the summary judgment under Rule 60, but the superior court denied his motion. *Best*, 2018 WL 2068300. at *2, ¶ 10. Best appealed from the judgment and the denial of his Rule 60 motion, and this court affirmed. *Id*. at *1, ¶ 1.

**¶7**         In 2016, Best filed the current lawsuit in Maricopa County Superior Court cause number CV2016-015284 (the "2016 Lawsuit") again naming the Garcias and various other defendants. He later added Ceja as a party. Ceja moved to dismiss the claims against her based on collateral estoppel, and the court granted her motion. The court also deemed Best a vexatious litigant in that case.

**¶8**         Thereafter, the superior court entered a partial final judgment according to Rule 54(b) and dismissed the claims against Ceja with prejudice. Best appealed, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).[1]

## DISCUSSION

**¶9**         This court reviews *de novo* the superior court's dismissal of Best's claims against Ceja. *See Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). We also review the application of claim and issue preclusion *de novo*. *See Corbett v. ManorCare of Am., Inc.*, 213 Ariz. 618, 623, ¶ 10 (App. 2006).

**¶10**         Best first argues that the superior court erred by dismissing his claims against Ceja without explanation. Contrary to what Best argues, the court did explain its reasoning in a seven-page ruling granting Ceja's motion to dismiss. The court concluded that Best's claims against Ceja in the 2016 Lawsuit were barred by the doctrines of claim preclusion, also known as *res judicata*, and issue preclusion, also known as collateral estoppel. The court stated:

> Mr. Best's claims against . . . Ceja are barred by collateral estoppel. Almost one third of the Third Amended Complaint is a verbatim copy of the complaint he filed in the 2014 Lawsuit. The remaining allegations simply rehash issues Mr. Best actually raised in the 2014 Lawsuit. The additional

---

[1]         Best also appealed another ruling involving different defendants, but that ruling was not substantively appealable. This court determined that it had jurisdiction over the Rule 54(b) judgment only. Thus, our review is limited to the dismissal of Best's claims against Ceja.

evidence on which he focuses was the subject of his Rule 60 Motion in the 2014 Lawsuit. In short, Mr. Best had his day in court in the 2014 Lawsuit. He is not entitled to a second day. The doctrine of *res judicata* binds Mr. Best . . . . [The parties] stand in the same capacity in this subsequent case on the same causes of action, "not only upon the facts actually litigated, but also upon those points which might have been (even though not expressly) litigated."

(Internal citations omitted.)

**¶11**        Under the doctrine of claim preclusion or *res judicata*, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). Claim preclusion requires "(1) an identity of claims in the suit in which a judgment was entered and the current litigation, (2) a final judgment on the merits in the previous litigation, and (3) identity or privity between parties in the two suits." *In re Gen. Adjudication of All Rights to Use Water in Gila River Sys. & Source*, 212 Ariz. 64, 69–70, ¶ 14 (2006). As the superior court noted, claim preclusion bars a new claim based not only upon the facts litigated in the first lawsuit but also upon all matters that might have been litigated. *See Pettit v. Pettit*, 218 Ariz. 529, 533, ¶ 10 (App. 2008).

**¶12**        The doctrine of issue preclusion, or collateral estoppel, "precludes relitigating an issue of fact in a later case when, in a previous case, the same issue was 'actually litigated, a final judgment was entered, and the party against whom the doctrine is to be invoked had a full and fair opportunity to litigate.'" *Crosby-Garbotz v. Fell,* 246 Ariz. 54, 54, ¶ 1 (2019) (quoting Chaney Bldg. Co. v. City of Tucson, 148 Ariz. 571, 573 (1986)). Issue preclusion requires that

> (1) the issue was actually litigated in the previous proceeding,
> (2) the parties had a full and fair opportunity and motive to litigate the issue,
> (3) a valid and final decision on the merits was entered,
> (4) resolution of the issue was essential to the decision, and
> (5) there is common identity of the parties.

*Campbell v. SZL Properties, Ltd.*, 204 Ariz. 221, 223, ¶ 9 (App. 2003) (citation omitted). Both claim preclusion and issue preclusion share the common purpose of relieving parties of the cost and vexation of multiple lawsuits

and conserving judicial resources. *See Hawkins v. State*, 183 Ariz. 100, 103 (App. 1995) (citation omitted).

¶13 Best's claims against Ceja in the 2016 Lawsuit are barred by both claim and issue preclusion. The 2014 Lawsuit and the 2016 Lawsuit involve the same parties, Best and Ceja. The complaints in both lawsuits assert the same claims. Best himself admits many of the allegations in the 2016 complaint are copied verbatim from the 2014 complaint. In the 2014 Lawsuit, the parties had a full opportunity to litigate the issues raised by Best in the 2016 Lawsuit, and there was a valid and final judgment on the merits. *See Best*, 2018 WL 2068300, at *2, ¶ 10. Any claims Best asserts in the 2016 Lawsuit either were or should have been litigated in the 2014 Lawsuit. Accordingly, the superior court correctly applied claim and issue preclusion.

¶14 Best also argues that Ceja's counsel did not represent her in the 2014 Lawsuit and, therefore, "has no first-hand knowledge" of the issues at hand in the 2016 Lawsuit. There is no requirement, however, that an attorney participate in the first lawsuit to argue for the application of claim or issue preclusion in a later suit.

¶15 Best next argues that Ceja's counsel waived any objection to Ceja being named a defendant in the 2016 Lawsuit because he failed to respond to Best's motion to amend the complaint to add Ceja. Ceja, however, could not object to Best's motion because she was not yet a party to the lawsuit.

¶16 Finally, Best argues that the default judgment he obtained against the Garcias in the 2014 Lawsuit admitted to "all the hidden transactions" involving the Garcias thereby binding Ceja to those admissions. The default of one defendant, however, generally does not bind another defendant, who has not defaulted. *See Clugston v. Moore*, 134 Ariz. 205, 207 (App. 1982).

¶17 We affirm the superior court's application of claim and issue preclusion as a bar to Best's claims against Ceja in the 2016 Lawsuit.

## ATTORNEY'S FEES AND COSTS

¶18 Ceja requests attorney's fees on appeal under A.R.S. § 12-349(A), which authorizes an award of reasonable attorney's fees against a party who brings a claim without substantial justification, primarily for delay or harassment, or who unreasonably expands or delays the proceedings. *See* A.R.S. § 12-349(A)(1). Best raised issues on appeal both

5

without substantial justification and to delay the proceedings. Accordingly, we award Ceja her reasonable attorney's fees and costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶**19**     For the foregoing reasons, we affirm the dismissal of Best's claims against Ceja.



AMY M. WOOD • Clerk of the Court
FILED:  AA