NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

GRACE BRITT, *Plaintiff/Appellee,*

*v.*

ADVANCED BUSINESS SERVICES, et al., *Defendants/Appellants.*

JEFFREY MATTHEWS, et al., *Third-Party Defendants/Appellees.*

No. 1 CA-CV 22-0535
FILED 5-11-2023

Appeal from the Superior Court in Maricopa County
No. CV2022-090532
The Honorable Stephen M. Hopkins, Judge (Retired)

**AFFIRMED**

COUNSEL

Elley Law PLC, Gilbert
By Richard D. Elley
*Counsel for Plaintiff/Appellee and Third-Party Defendants/Appellees*

Schern Richardson Finter, PLC, Mesa
By Aaron M. Finter, Michael R. Somers
*Counsel for Defendants/Appellants*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Randall M. Howe joined.

---

**F O S T E R**, Judge:

¶1  Defendant Advanced Business Services, LLC ("ABS") appeals from the superior court's denial of its motion to set aside a default judgment ordering specific performance of a real estate transaction with plaintiff Grace Britt. For the following reasons, the Court affirms.

**FACTUAL AND PROCEDURAL HISTORY**

¶2  Because this case comes after the entry of default, all well-pled facts in the complaint are viewed as true. *Smith & Wesson Corp. v. The Wuster*, 243 Ariz. 355, 360, ¶ 22 (App. 2017). ABS waived service of process through its member, Brian Loiselle, *see* Ariz. R. Civ. P. 4(f)(1), and therefore had notice of the action necessary to satisfy due process, *cf. Nat'l Inv. Co., Inc. v. Est. of Bronner*, 146 Ariz. 138, 140 (App. 1985).

¶3  Britt entered a purchase agreement with ABS for the home she lived in ("the property"). After Britt lost her job, the parties mutually disavowed that first purchase agreement and entered a second purchase agreement. The second agreement required Britt to pay a $300,000 down payment and ABS would provide carryback financing—loaning Britt the remaining funds at 2.99% interest. Britt paid ABS the $300,000 down payment.

¶4  ABS delivered a special warranty deed to Britt, but no deed of trust or promissory note that reflected the carryback financing. ABS and Brian Loiselle later refused to perform according to the second agreement.

¶5  After Britt recorded the special warranty deed, Loiselle then recorded a notice stating the deed was issued in error and inadvertently recorded. ABS then demanded that Britt execute a third purchase agreement with different terms than the second agreement—including the elimination of carryback financing at 2.99%—or be evicted.

¶6  Britt sued ABS and Loiselle for breach of contract, consumer fraud, and unjust enrichment, seeking specific performance of the second

agreement. Simultaneously, Britt requested and received a temporary restraining order (later converted into a preliminary injunction) preventing ABS from filing an eviction action against her.

**¶7**        After ABS and Loiselle failed to plead or otherwise defend the action, Britt filed an application for entry of default. *See* Ariz. R. Civ. P. 55(a). After that default became effective given the passage of time, *see* Ariz. R. Civ. P. 55(a)(4), Loiselle answered the complaint on his own behalf and, ostensibly, for ABS. However, he could not properly answer on behalf of ABS because he is not an attorney and ABS is a business entity. *See Ramada Inns, Inc. v. Lane & Bird Advert., Inc.*, 102 Ariz. 127, 128 (1967).

**¶8**        Britt then filed a motion for entry of default judgment, with hearing, against ABS and Loiselle. The court held a default hearing where Britt and Loiselle (but no ABS representative) appeared. At that hearing, Britt introduced evidence of the second agreement and ABS's breach. She testified that she believed the purchase and seller carryback agreement accurately reflected the specific performance due under the second agreement. She introduced text messages between herself and Loiselle as evidence of the parties' agreement to specific terms. After considering the evidence received, the court entered a partial final judgment in favor of Britt and against ABS, requiring ABS to convey the property to Britt under the seller carryback financing terms pled in her complaint and testified to at the hearing.

**¶9**        ABS then hired counsel and belatedly filed an answer. ABS filed a motion for a new trial, seeking to set aside the default judgment under Ariz. R. Civ. P. 59 and 60. The superior court denied ABS's motion, and ABS timely appealed. This Court has jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") Sections 12-120.21 and 12-2101(A)(2).

## DISCUSSION

**¶10**        A denial of a Rule 60 motion to set aside a default judgment is reviewed for abuse of discretion. *Laveen Meadows Homeowners Ass'n. v. Mejia*, 249 Ariz. 81, 83, ¶ 6 (App. 2020). This Court does not inquire whether the superior court was substantively correct in entering the default judgment, *Hirsch v. Nat'l Van Lines, Inc.*, 136 Ariz. 304, 311 (1983), but instead, "defer[s] to the superior court's factual findings and will not set them aside unless they are clearly erroneous," *Ruffino v. Lokosky*, 245 Ariz. 165, 168, ¶ 9 (App. 2018).

I.      ABS cannot raise the admissibility of evidence at the default hearing on appeal.

¶11      ABS argues that the superior court erred by admitting the text messages as evidence of terms of the second agreement at the default judgment hearing. This argument is improper on appeal.

¶12      After the entry of default, "a defaulted party loses all rights to litigate the merits of the cause of action." *Tarr v. Superior Ct. In & For Pima Cnty.*, 142 Ariz. 349, 351 (1984). "A default is treated as an admission, by the defaulting party, of the truth of all well pleaded facts in the case." *Clugston v. Moore*, 134 Ariz. 205, 206 (App. 1982). Thus, a party cannot directly appeal a default judgment, after entry of default, but must instead move under Rule 60 for the default to be set aside. *Aloia v. Gore*, 252 Ariz. 548, 553, ¶ 21 (App. 2022). If the motion is denied, "[t]he scope of an appeal . . . is restricted to the questions raised by the motion to set aside. . . ." *Hirsch*, 136 Ariz. at 311.

¶13      By arguing that the superior court admitted evidence at the default judgment hearing that was either insufficient or inadmissible parol evidence, ABS is not challenging the validity of the judgment or whether ABS was properly defaulted. Rather, these arguments go to the substance of the judgment and Britt's entitlement to specific performance. This Court rejects this substantive argument as impermissible on appeal from denial of a motion to set aside a default judgment.

II.     The superior court did not grant greater relief than that prayed for in the complaint.

¶14      ABS argues the superior court erred by granting relief greater than that Britt requested in her complaint. "A judgment by default must not be different in kind from, or exceed in amount, that prayed for in a pleading's demand for judgment." Ariz. R. Civ. P. 55(b)(3). Although this argument is permissible on appeal, ABS somewhat conflates this permissible argument with its impermissible argument discussed above. ABS's challenge to the scope of relief is also barred as a substance-based attack on a default to the extent it presses an evidentiary argument.

¶15      The purpose of Rule 55(b)(3) is "to assure the defendant who consciously allows a default judgment . . . [to] rest secure in the knowledge that the judgment will not exceed the relief requested in the complaint." *Darnell v. Denton*, 137 Ariz. 204, 206 (App. 1983). But "a complaint need not be technically sufficient to support a default judgment." *Ezell v. Quon*, 224 Ariz. 532, 537, ¶ 19 (App. 2010) (quoting *Cockerham v. Zikratch*, 127 Ariz. 230,

234 (1980)). Rather, it must be sufficient to put a defendant on notice of the cause of action and allegations as a whole. *See id.* Further, while specific performance may not be ordered if "the parties have not agreed on one or more of the important, essential or material terms . . . absolute completeness in every detail is not a prerequisite of specific performance." *Daley v. Earven*, 131 Ariz. 182, 185 (App. 1981).

**¶16**        Britt's complaint requested specific performance of the second agreement for the sale of the real estate. She pleaded that the terms included seller carryback financing with a loan at 2.99% interest and a $300,000 down payment. She also alleged in her complaint that ABS removed certain line-item terms from the purchase agreement as originally presented—implying that apart from the changed seller carryback, which was supported by text message evidence, the terms of the first contract otherwise supplied the terms of the second agreement.

**¶17**        The superior court, consistent with the allegations in Britt's complaint, ordered the relief of specific performance of the material terms of the contract in its judgment. To the extent that ABS complains that certain terms were not pleaded expressly in the complaint or text messages, they were incorporated by reference to the original purchase contract by the complaint. These terms include the choice of Arizona law and Britt's purchase of fixtures. To the extent the second agreement—as a form of judgment—includes other terms, they are not material such that they preclude summary judgment. ABS points to no prejudice from having Britt, for instance, choose an escrow company or that each side pays its own customary fees for the sale. *See Daley*, 131 Ariz. at 185. Such changes do not vary the kind of relief requested in the complaint, and because a sum certain of damages was not demanded, the relief provided did not exceed the amount requested in the complaint. *See* Ariz. R. Civ. P. 55(b)(3). This Court finds no error.

III.    The superior court did not err by denying relief based on fraud or misconduct.

**¶18**        Finally, ABS argues Britt failed to present "exculpatory evidence" and committed fraud upon the court. This argument, as it relates to Rule 60(b)(3) fraud, is waived because it was not presented to the superior court. *Mejia*, 249 Ariz. at 84, ¶ 9. ABS also alleges misconduct under Rule 60(b)(3), an issue it properly raised by pressing Rule 59(a)(1)(B) misconduct in its motion for a new trial. ABS, however, failed to include a transcript of the hearing on its motion for new trial, so it is assumed such a

transcript would support the superior court's ruling. *See Kline v. Kline*, 221 Ariz. 564, 572, ¶ 33 (App. 2009).

¶19        ABS argues that Britt hid "exculpatory evidence" from the superior court, namely an email suggesting a deed of trust and promissory note were, in fact, transmitted to Britt in contradiction to her testimony at the default hearing. ABS's non-standard use of the term "exculpatory evidence" is taken to mean that a defaulting party has a special duty to present not just the moving party's case, but any evidence that does not support the judgment.

¶20        This argument fails. First, ABS cites no rule or caselaw for the proposition that a party moving for default judgment has a special duty to present "exculpatory evidence" at a default hearing on the defaulting party's behalf. No authority has been found to support the proposition that anything other than the ordinary duty of candor applies to attorneys moving for a default judgment.

¶21        Second, when a default becomes effective after a party fails to answer or otherwise defend, the defaulting party is deemed to admit "[a]ll well-pleaded facts," in the complaint. *S. Ariz. Sch. for Boys, Inc. v. Chery*, 119 Ariz. 277, 281 (App. 1978). By defaulting, ABS admitted it failed to provide a promissory note and deed of trust that conformed to the second agreement and admitted its terms. Thus, after entry of default, ABS was precluded from arguing the existence of a different contract—or no enforceable contract at all—to the extent the argument contests the sufficiency of the evidence or would limit Britt's right to recover the relief properly demanded in the complaint. *See id.* at 282. The proposition that Britt, with ABS having admitted the facts alleged against it, has an obligation to negate those same admitted facts by presenting ABS's case for it at a default hearing makes no sense.

¶22        Third, even assuming Britt had some duty to present "exculpatory evidence" she knew existed, nothing in the record indicates this evidence was hidden rather than inadvertently omitted, forgotten, or simply construed differently than ABS would like. ABS had an opportunity to argue to the superior court that Britt's reliance on text messages without presenting the email was misconduct. The superior court is in the best position to determine whether misconduct by a party occurred and "materially affected the rights of the aggrieved party." *See Leavy v. Parsell*, 188 Ariz. 69, 72 (1997). In the absence of a transcript, this Court presumes the argument and evidence presented at the hearing on the motion to set

aside supported the superior court's rejection of that argument. This Court finds no abuse of discretion.

## IV.     Britt is entitled to Attorneys' Fees.

**¶23**        Both parties request fees and costs on appeal. Because this action arises out of contract, Britt is awarded her reasonable attorneys' fees and costs upon compliance with ARCAP 21. *See* A.R.S. §§ 12-341, 12-341.01.

## CONCLUSION

**¶24**        Affirmed.



AMY M. WOOD • Clerk of the Court
FILED:    AA