Filed 9/20/22 Brahms v. Wilk CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| ERIC BRAHMS, | |
| Plaintiff and Respondent, | G060250 |
| v. | (Super. Ct. No. 30-2020-01136400) |
| JOSEPH WILK, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Theodore R. Howard, Judge. Affirmed in part as modified, and remanded in part with instructions.

Law Office of Catherine F. Lukehart and Catherine F. Lukehart for Defendant and Appellant.

Outwater & Pinckes, David E. Outwater and Cathleen M. Golden for Plaintiff and Respondent.

## INTRODUCTION

Joseph Wilk appeals from a default judgment in favor of Eric Brahms and from an order denying his motion to vacate that judgment and the default itself. Brahms sued Wilk for defaming him on some websites. Wilk failed to respond, and Brahms took his default. He later obtained a default judgment against Wilk for nearly $4 million.

Wilk moved to vacate the judgment under the court's equitable powers. The court denied the motion, holding that Wilk had not demonstrated a satisfactory excuse for failing to respond to the complaint in a timely matter.

We affirm both the default judgment – with one exception – and the order denying the motion to vacate the judgment and the default. We are striking the punitive damages award and remanding the punitive damages issue to the trial court for a new prove-up hearing.

A defaulting defendant has only limited grounds for appealing the judgment itself. He cannot, for example, now contend that the allegations of the complaint are not true. He may offer objections to the evidence presented at the prove-up, but there he runs into the formidable obstacle of the prima facie evidence standard of review on appeal. The only evidentiary problem with the default judgment in this case is the evidence of Wilk's wealth to support a punitive damages award. This evidence was insufficient.

As for appealing from the order denying the motion to vacate, that is an even harder row to hoe. We review the court's decision for abuse of discretion and the evidence supporting the exercise of discretion under the substantial evidence standard. In addition, because Wilk bore the burden of proof, the evidence he presented had to be uncontradicted and unimpeached. It was hardly that. The trial court made at least two findings that his evidence lacked credibility, and we do not reassess credibility.

## FACTS

Brahms sued Wilk on March 4, 2020, for a series of allegedly defamatory posts about him that Wilk had placed on multiple websites. Wilk was personally served

2

on March 24. He did not respond, and Brahms served a statement of damages (as required by Code of Civil Procedure sections 425.11, and 425.115) on May 7, 2020. On June 15, Brahms filed a request for entry of default. Default was entered on that day. Brahms served Wilk with a copy of the request by mail on June 9.

The default prove-up, originally set for September 25, 2020, was continued several times. The last minute order on the hearing continued it from January 8 to January 29, 2021.

On January 7, 2021, Brahms filed his request for entry of default judgment, along with the declarations and documents to support the request. He asked for nearly $2 million in special damages and $2 million in general and punitive damages. The court's final award, entered on January 12, was $3.9 million, including a $1 million punitive damages award.

Wilk filed his motion to vacate the default judgment and set aside the default on March 12, 2021. As an alternative, he asked the court to set aside the award of punitive damages. Acknowledging that he was too late for discretionary relief under section 473, he argued that he qualified for equitable relief because he had (1) a meritorious defense, (2) a satisfactory excuse for delay, and (3) evidence of his diligence in seeking to set the judgment aside. In addition, he claimed he was never served with the statement of damages and that the award of punitive damages did not take his net worth into account.

The court denied the motion to vacate the judgment on April 16, 2021. Wilk filed his notice of appeal from both the default judgment and the order denying his motion to vacate the default and the judgment on May 13, 2021.

## DISCUSSION

Wilk has appealed from *both* the default judgment *and* from the postjudgment order denying his motion to vacate the judgment and set aside the default. We deal with each in turn.

### I.        Appeal from the Judgment

We review the entry of a default judgment for jurisdictional matters and pleading defects. (*Aheroni v. Maxwell* (1988) 205 Cal.App.3d 284, 294.)

"'Substantively, "[t]he *judgment by default* is said to 'confess' the material facts alleged by the plaintiff, i.e., the defendant's failure to answer has the same effect as an express admission of *the matters well pleaded in the complaint*."' [Citation.] The 'well-pleaded allegations' of a complaint refer to ""all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law."" [Citations.] [¶] Because the default *confesses* those properly pleaded facts, a plaintiff has no responsibility to provide the court with sufficient evidence to prove them – they are treated as true for purposes of obtaining a default judgment. [Citation.]" (*Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 281-282, second italics added (*Kim*).)

In this case, Brahms alleged that Wilk defamed him. The elements of a defamation claim are a "(1) publication of fact that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." (*Murray v. Tran* (2020) 55 Cal.App.5th 10, 37.) Brahms' complaint alleges all these elements, including an allegation that Wilk published the statements with malice. Thus the complaint states a cause of action

By failing to answer, Wilk in effect "confessed" that these allegations were true. To be clear, Wilk admitted that the statements he made about Brahms were factual, false, unprivileged, and malicious and that they caused damage. Therefore Brahms was under no obligation to prove these allegations again. Wilk cannot challenge the truth of the allegations on an appeal from a judgment of default.

4

On appeal, Wilk may challenge the amount of the judgment, on certain grounds. Section 585, subdivision (b), directs the court to court to "hear the evidence offered by the plaintiff, and . . . render judgment in the plaintiff's favor for that relief, not exceeding the amount stated in the complaint, in the statement required by Section 425.11, or in the statement provided for by Section 425.115, as appears by the evidence to be just."

Section 585, subdivision (d) provides: "In the cases referred to in subdivisions (b) and (c), . . . the court in its discretion may permit the use of affidavits, in lieu of personal testimony, as to all or any part of the evidence or proof required or permitted to be offered, received, or heard in those cases. The facts stated in the affidavit or affidavits shall be within the personal knowledge of the affiant and shall be set forth with particularity, and each affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto."

A plaintiff must prove it is entitled to the damages claimed in the complaint or the statement of damages, and a defendant may contest the sufficiency of the evidence on appeal from a default judgment. (*Kim, supra,* 201 Cal.App.4th at p. 288; *Barragan v. Banco BCH* (1986) 188 Cal.App.3d 283, 302.) "Where . . . a cause of action is stated in the complaint and evidence is introduced sufficient to establish a prima facie case the trial court may not disregard the same." (*Csordas v. United Slate Tile & Composition Roofers* (1960) 177 Cal.App.2d 184, 186.)

On appeal, Wilk contests the award for lost income and future lost income ($1,915,214) and for emotional distress ($1 million). He asserts that the amount of punitive damages was not supported by the evidence, specifically by evidence of his net worth.

In *Uva v. Evans* (1978) 83 Cal.App.3d 356 (*Uva*), an oft-cited case on reviewing the amount of damages awarded in a default judgment, the court held, "The power of an appellate court to review the trier of fact's determination of damages is

5

severely circumscribed. An appellate court may interfere with that determination only where the sum awarded is so disproportionate to the evidence as to suggest that the verdict was the result of passion, prejudice or corruption [citations] or where the award is so out of proportion to the evidence that it shocks the conscience of the appellate court. [Citations.] A rule precluding review of damages on appeal from a default judgment would consequently protect the award precisely in those cases in which review is most necessary – that is, where the damages awarded are totally unconscionable and without evidentiary justification. [¶] Moreover, we believe that the right to appellate review flows logically from the fact that damages must be proved in the trial court before the default judgment may be entered. (§ 585, subd. [b].) The requirement of proof of damages is meaningless if it can be fulfilled by *any* evidence, even evidence which results in a judgment prompted by 'passion, prejudice or corruption.' Yet without appellate review, such a judgment would stand." (*Id*. at pp. 363-364.)

Under *Johnson v. Stanhiser* (1999) 72 Cal.App.4th 357, the evidence needed for a default prove-up is a "prima facie case." (*Id*. at pp. 361-362.) "'Prima facie evidence'" in general is "'that degree of evidence which suffices for proof of a particular fact until contradicted and overcome, as it may be, by other evidence, direct or indirect. For example, the certificate of a recorder is prima facie evidence of a record, although it may afterwards be rejected on proof that there is no such record. And a bank account is prima facie evidence of the transactions properly recorded therein. But the effect of prima facie evidence is not destroyed merely by the introduction of contradictory evidence. It stands as proof of the fact until it is both contradicted and overcome by other evidence.' (18 Cal.Jur.2d, Evidence, § 13, p. 435.)" (*People v. Van Gorden* (1964) 226 Cal.App.2d 634, 636-637.)

### A. Lost Income and Future Lost Income

Brahms' declaration explains how he arrived at his lost income figure of $121,816 and his estimation of future lost income for five years (at present value). He

6

also stated that he had had "an established business for approximately 11 years" and that nothing explained the downturn in his business "other than the defamatory articles" published by Wilk.

Brahms supported his figures with bank statements from MAE Capital, LLC, which he referred to as "my bank statements." On appeal, Wilk argues that MAE Capital's bank statements are not evidence of Brahms' personal income.

Brahms explained in his declaration how he arrived at his income figures. The court accepted these figures as evidence of his income. Brahms did not need to support the figures with bank statements to present a prima facie case.

Wilk makes no argument that the bank statements in the record show a different amount of income from that stated in Brahms' declaration and thus call this evidence into question. Moreover, Brahms called the statements "my bank statements," raising the inference that he does business through a limited liability company, a reasonable inference.

Wilk also complains that Brahms' calculation of five years of future lost income lacks evidentiary support. Given the longevity of internet postings and repostings and the difficulty of cleaning up after them, it is a reasonable inference to project that people will still be reading and reacting to Wilk's defamatory statements when they google Brahms' name three and one-half years from now, even if Wilk took them down from his particular websites immediately after judgment was entered in January 2021. We conclude that Brahms presented a prima facie case for lost past and future income.

B.     Emotional Distress

On appeal, Wilk argues that Brahms could not have suffered much emotional distress because the defamatory statements Wilk made about him were already available on the internet. In addition, he failed to secure a declaration from anyone else to support his claimed distress. Finally, Wilk scoffs at Brahms' likening the defamatory statements to being called a rapist or a pedophile. Again, Wilk ignores the prima facie

7

standard of proof for a default judgment and the requirement that the amount shock the conscience of the court.

Brahms' declaration explained the circumstances creating his emotional distress at some length. For example, he stated that Wilk's defamatory statements came up at the number one position in a Google search of his name. He also described his distress at learning that his wife had to defend him to other mothers in her group of friends and how his mourning for his mother's unexpected death was exacerbated by having to respond to questions about the articles from the press and others who called about her death. He had to explain and justify himself to new customers.

As a tort defendant, Wilk takes the plaintiff as he finds him. (See *Harb v. City of Bakersfield* (2015) 233 Cal.App.4th 606, 633.) The fallout from the publicity generated by the articles would therefore affect the plaintiff according to *his* particular circumstances. These include the coincidence between Brahms' mother's death and the publicity surrounding that event with the publicity caused by Wilk's posts on the internet. It also includes Brahms' marital status and the distress he would feel because of the effect of the publicity on his wife.

We cannot find that the emotional distress damages, while high, are high enough to shock the conscience of the court. They are actually lower than the amount of special damages; the *Uva* court used the disparity between the amount of the special damages and the amount of the general damages as a rule of thumb to determine whether the general damages were excessive. (*Uva, supra,* 83 Cal.App.3d at pp. 364-365.) In light of the amount of lost revenue, nearly $2 million, the damages for emotional distress do not appear so "grossly disproportionate as to be without evidentiary support[.]" (*Id.* at p. 364.)

## C. Punitive Damages

In addition to the ordinary evidentiary standards applied in reviewing the amount awarded in a default judgment, a court reviewing the amount of a punitive

damages award must also consider the constraints imposed by California law on these awards in general. "A reviewing court cannot make a fully informed determination of whether an award of punitive damages is excessive unless the record contains evidence of the defendant's financial condition." (*Adams v. Murakami* (1991) 54 Cal.3d 105, 110 .) "Absent such evidence, a reviewing court cannot make an informed decision whether the amount of punitive damages is excessive as a matter of law." (*Id.* at p. 118.) The plaintiff has the burden of proof of a defendant's financial condition. (*Id.* at p. 120.)

While the plaintiff in a default prove-up need present only prima facie evidence of the amount claimed, the evidence must still be "within the personal knowledge of the [declarant]" and must "show affirmatively that the [declarant], if sworn as a witness, can testify competently thereto." (§ 585, subd. (d).) Brahms' evidence of Wilk's wealth does not meet that standard.

Brahms's declaration states that Wilk owns revenue-generating websites, but he does not state what that revenue is or how he knows Wilk owns the websites. He also states that Wilk owns two expensive Porsches, but he does not state how he knows these cars belong to Wilk. Finally Brahms states that Wilk lives in a house owned by his parents (without stating how he knows this) and that "presumably" he has no housing expenses. None of these statements is evidence of personal knowledge of Wilk's wealth.

We need not, however, reverse the part of the judgment awarding punitive damages. Brahms is entitled to recover punitive damages; the only question is the amount. We may therefore strike the award of punitive damages and remand for a new hearing on the amount of punitive damages alone, based on evidence of Wilk's financial condition at the time of the new default prove-up hearing. (See *Kenly v. Ukegawa* (1993) 16 Cal.App.4th 49, 58-59; *Lara v. Cadag* (1993) 13 Cal.App.4th 1061, 1065; *Washington v. Farlice* (1991) 1 Cal.App.4th 766, 777.) Under Civil Code section 3295, subdivision (c), Brahms may subpoena documents and witnesses to be available at the new default prove-up for the purpose of establishing Wilk's financial condition, and we will direct the

9

trial court to enter an order permitting such discovery. Doing so will give Brahms the opportunity for a "full and fair" presentation of evidence regarding Wilk's financial circumstances, should he choose to expend the fees necessary to acquire this information.

**II.      Appeal from Order Denying Motion to Set Aside Default and to Vacate Default Judgment**

"When a default *judgment* has been obtained, equitable relief may be given only in exceptional circumstances. '[W]hen relief under section 473 is available, there is a strong public policy in favor of granting relief and allowing the requesting party his or her day in court. Beyond this period there is a strong public policy in favor of the finality of judgments and only in exceptional circumstances should relief be granted.' [Citations.]" (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981-982 (*Rappleyea*).)

"We review the court's denial of a motion for equitable relief to vacate a default judgment or order for an abuse of discretion, determining whether that decision exceeded the bounds of reason in light of the circumstances before the court. [Citation.] In doing so, we determine whether the trial court's factual findings are supported by substantial evidence [citation] and independently review its statutory interpretations and legal conclusions. [Citations.]" (*County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1230.)

Relief from a default judgment under the court's equitable powers, as distinct from those granted by section 473, requires the defendant to pass a three-part test. The defendant must show (1) a satisfactory excuse for its untimeliness, (2) a meritorious defense, and (3) diligence in seeking to set aside the default. (*Kramer v. Traditional Escrow, Inc.* (2020) 56 Cal.App.5th 13, 29.) The same test applies to a request to set aside a default (*Rappleyea, supra,* 8 Cal.4th at pp. 982-983), the order on which is also reviewed for abuse of discretion. (*Id.* at p. 981.) The satisfactory excuse, in turn, depends on a showing of extrinsic fraud or extrinsic mistake. "Fraud is extrinsic where the defrauded party was deprived of the opportunity to present his or her claim or defense to the court, that is, where he or she was kept in ignorance or in some other manner, other than from his or her own conduct, fraudulently prevented from fully participating in the proceeding." (*In re Marriage of Stevenot* (1984) 154 Cal.App.3d 1051, 1068.) Extrinsic

mistake can take multiple forms (see *Kulchar v. Kulchar* (1969) 1 Cal.3d 467, 471-472), but one commonly consulted is "when a mistake led the court to do what it never intended[.]" (*Id.* at p. 472.)

Wilk's appeal from the order denying the motion to vacate the default judgment raises only two issues. First, Wilk contends that the court abused its discretion in applying the three-part test of satisfactory excuse, meritorious defense, and diligence. Second, the court abused its discretion in failing to strike the punitive damages award for insufficient evidence.

From the record before us, it appears that the trial court based its ruling on Wilk's failure to provide a satisfactory excuse for his failure to act. The court addressed a meritorious defense only in passing and did not appear to address diligence at all.

The trial court ruled that Wilk did not show a satisfactory excuse for his failure to respond to the complaint. He knew about the lawsuit as of March 24, 2020, after he was served, as well as his duty to respond to it, as evidenced by his email to an attorney in April seeking representation. The court did not buy his other excuse – he thought the courts were closed owing to Covid-19 – because he was receiving papers during May and June that indicated the case was ongoing. The court also did not believe Wilk's assertion that he was not at home when the process server came to serve him with the statement of damages.

Because Wilk bore the burden of proof in a motion to vacate the default and the default judgment (*Luxury Asset Lending, LLC v. Philadelphia Television Network, Inc.* (2020) 56 Cal.App.5th 894, 910), our substantial evidence review of these issues differs from the standard we would use for an appellant who contended that the party with the burden of proof had *not* borne it, after the trier of fact concluded it had. In this case, the party with the burden of proof, Wilk, contends, in essence, that he *did* bear it, after the trier of fact concluded he did not. "On appeal from a determination of failure of proof at trial, the question for the reviewing court is "'whether the evidence compels a

12

finding in favor of the appellant as a matter of law.'" [Citation.] Specifically, we must determine "'whether the appellant's evidence was (1) 'uncontradicted and unimpeached' and (2) 'of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding.'"' [Citations.] We are also guided by the principle that the trial court's judgment is presumed to be correct on appeal, and we indulge all intendments and presumptions in favor of its correctness." (*Almanor Lakeside Villas Owners Assn. v. Carson* (2016) 246 Cal.App.4th 761, 769.)

"Where, as here, the judgment is against the party who has the burden of proof, it is almost impossible for him to prevail on appeal by arguing the evidence compels a judgment in his favor. That is because unless the trial court makes specific findings of fact in favor of the losing plaintiff [in this case, the losing moving party], we presume the trial court found the [moving party's] evidence lacks sufficient weight and credibility to carry the burden of proof. [Citations.] We have no power on appeal to judge the credibility of witnesses or to reweigh the evidence." (*Bookout v. State of California ex rel. Dept. of Transportation* (2010) 186 Cal.App.4th 1478, 1486.)

Wilk's evidence of a satisfactory excuse is neither unimpeached nor of such a character as to leave no room for a determination of insufficiency. The court made at least two findings of lack of credibility, which, as stated above, we do not reassess. Wilk had to pass all three parts of the test to vacate a judgment or a default under the court's equitable powers. He failed the first part, and he has not given us grounds to overturn the trial court's assessment of his evidence.

Because we are remanding the punitive damages award for rehearing, we do not need to deal with Wilk's contention that the court should have struck the punitive damages as part of the motion to vacate the default judgment. We note, however, that the only question before the court on this kind of motion to vacate is whether the defendant has a satisfactory excuse, a meritorious defense, and evidence of diligence. The amount or evidence of damages is not before the court.

13

## DISPOSITION

The judgment is modified to strike the award of punitive damages in the amount of $1 million.  The matter is remanded for a new default prove-up hearing only on the issue of the amount of punitive damages.  We direct the trial court to issue an order under Civil Code section 3295, subdivision (c), permitting Brahms to subpoena documents and witnesses for the purpose of establishing Wilk's current financial

condition.  As modified, the default judgment is affirmed.  The order denying Wilk's motion to vacate the default judgment is affirmed.  Respondent is to recover his costs on appeal.


                                                        BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


MARKS, J.*


*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

15